THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Appellant, *v.* WILLIAM H. OWEN, Respondent.

(Supreme Court, Appellate Term, December, 1903.)

New York city — A physician assisting at a birth may mail to the city department of health a copy of his registry of the birth.

A physician of the city of New York sufficiently complies with the requirements of section 1237 of the charter as to his duty to report to the city department of health the facts as to the birth of a child in which he assisted professionally where he timely mails, postpaid, to the department a copy of the registry of the birth required to be kept by him.   He need not deliver the copy personally.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York in favor of the defendant.

George L. Rives, Corporation Counsel (Frederick W. Stelle, of counsel), for appellant.

Thomas W. McKnight, for respondent.

Supreme Court, Appellate Term, December, 1903.    [Vol. 42.

BLANCHARD, J.   This is an appeal by the plaintiff from a judgment of a Municipal Court of the city of New York in favor of defendant.

The action is to recover $100 penalty from defendant, a physician, for failure to report to plaintiff facts relating to the birth of a child, as required by the charter of the city of New York, as follows:

Section 1179 provides:   ".The chief officer of the second bureau shall be called the registrar of records, and in said bureau shall be recorded, without fees, every birth, marriage, and death, and all inquisitions of coroners, which shall occur, or to be taken within The City of New York."

Section 1237 of the charter provides as follows:   "It shall be the duty of the parents of any child born in said city (and if there be no parent alive that has made such report, then of the next of kin of such child born), and of every person present at such birth, within ten days after such birth, to report to the department of health, in writing, so far as known, the date, borough and street number of said birth, and the sex and color of such child born, and the names of the parents.   It shall also be the duty of physicians and professional midwives to keep a registry of the several births in which they have assisted professionally, which shall contain, as near as the same can be ascertained, the time of such birth, the name, sex and color of the child, the names and residence of the parents, and to report the same within ten days to the department of health."

Section 1239 of the charter provides as follows:   "For every omission of any person to make and keep a registry of marriages and births required by the preceding sections, and for every omission to report a written copy of the same to said department of health, within ten days after any birth or marriage provided to be registered, and for every omission to make the report of any death, birth or marriage, the person guilty of such omission shall be guilty of a misdemeanor; and, in addition thereto, the offender shall also be liable to pay a fine of one hundred dollars, to be recovered in the name of the department of health of the city of New York, before any justice or tribunal in said

city having jurisdiction of civil actions." In the testimony the report of the physician's record required by the statute is variously referred to as " certificate " and " notification " by a physician of a birth.

For the purposes of discussion here, it may be assumed that these terms were intended to refer to the " report " mentioned in the statute.

The defendant testified that he made a written copy of the register of the birth in question, and mailed it inclosed in a properly addressed postage-paid envelope to the plaintiff within ten days after birth. The only testimony on behalf of plaintiff to indicate that this report was not received was given by the assistant register of records in the health department, who testified in substance that he had personal charge and control of the records of births; that they were received by him personally; that he made a search of the records of the department for a certificate of the birth in question; that there was no such certificate there, and that the usual custom prevailing in the department as to notification by a physician of a birth was that such notice, as a general rule, was mailed and sent through the post-office. From this evidence the conclusion follows that the physician's report having been duly mailed was received by the plaintiff, as the testimony of the plaintiff on this point does not go so far as to amount to a denial that it was received. The fact that it may not have been among the records of the department at the time search for it was made is not evidence that it was not received there by mail in due course.

It may have been received and afterward lost or mislaid. Oregon Steamship Co. v. Otis, 100 N. Y. 446; Ackley v. Welch, 85 Hun, 178.

But the appellant contends that even if this report was mailed by the defendant that, still, the statute was violated, claiming that the report should have been brought personally to the office of the health department and left there.

This construction of the terms of the statute cannot be sustained.

The case of Beakes v. DaCunha, 126 N. Y. 293, does not support the plaintiff's contention.

Supreme Court, Appellate Term, December, 1903.    [Vol. 42.

This case held, " Where any statute, or the terms of any contract require notice to be given, and there is nothing in the context of the statute or the contract, or in the circumstances of the case, to show that any other notice was intended, a personal notice must always be given."

The same rule as to personal notice is announced in many other cases, and their authority cannot be questioned, and the personal notice required by those authorities recites the notice that must be given to the party in the terms of the contract, or the statute, or in legal proceedings, before the party entitled to notice can be put in such default that an actionable claim may be made against him, a charge imposed upon his property, or some vested legal right impaired.

The reason for the rule in such case is that the most infallible mode of giving notice, and one most certain for the purpose, shall be employed, so that the party entitled to notice shall have at the time an opportunity to protect himself in rights of personal property.    The statute under consideration here does not require the physician to report a copy of his register as "notice" to the health department, in order for it to protect itself against an invasion of any of its rights.

The report is required in order that a public record may be made from it, and there appears to be no good reason why the information required by the statute cannot be imparted to the health department as certainly by mail as by requiring physicians to attend personally at the department for the purpose of handing in these reports.

A vast amount of important public business is transacted through the mails, and it is a matter of common knowledge that only an insignificant amount of properly directed mail matter fails of delivery.

There seems to be no public necessity calling for the construction of the statute in the manner urged by the appellant.

If it were so constructed there would, in all probability, be more failures of physicians to make their reports in person at the department than there are now when they may adopt the more convenient method of mailing those reports, fol-

lowing the usual custom which plaintiff testified is now in operation in the department.

The section of this statute which is the basis of this action is penal in its nature, and its terms should not be enlarged by judicial construction while the legislative intent as expressed in the statute can be effectively accomplished without the interference of the court.

The judgment appealed from should be affirmed, with costs.

FREEDMAN, P. J., and BISCHOFF, J., concur.

Judgment affirmed ,with costs.