(94 App. Div. 425.)

### DEPARTMENT OF HEALTH OF CITY OF NEW YORK v. OWEN.

(Supreme Court, Appellate Division, First Department. May 13, 1904.)

1. MUNICIPAL CORPORATIONS—HEALTH DEPARTMENT—PHYSICIANS AND SURGEONS—REGISTER OF BIRTH—CERTIFICATE—FILING.

   Greater New York Charter, §§ 1237, 1239, Laws 1901, pp. 522, 523, c. 466, imposing on physicians the duty of reporting within 10 days, to the department of health, births in which they have professionally assisted, and declaring the person failing to make such report guilty of a misdemeanor, besides rendering him liable to a fine of $100, to be recovered in the name of the department of health, does not require notice to be personally brought to the office of the health department, but the statute is sufficiently complied with by mailing such notice.

2. SAME—ACTION FOR PENALTY—EVIDENCE—SUFFICIENCY.

   In an action against a physician for failure to comply with Greater New York Charter, §§ 1237, 1239, Laws 1901, pp. 522, 523, c. 466, requiring him to report a written copy of the register of birth at which he attended to the department of health within 10 days after the birth, his testimony that he made a record of the birth by entering it in his books and preparing a copy for the health board, which he put into an envelope, properly directed to the board of health, stamped the envelope, and put it in one of the regular mail boxes of the government, was sufficient to sustain a judgment in his favor, though he could not give the exact date, but stated positively that the notice was made out and sent within the 10 days.

   Van Brunt, P. J., and Laughlin, J., dissenting.

Appeal from Appellate Term.

Action by the department of health of city of New York against William W. Owen. From a judgment of the Appellate Term (85 N. Y. Supp. 397) affirming a judgment of the Municipal Court in defendant's favor, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Theodore Connoly, for appellant.
Thomas W. McKnight, for respondent.

O'BRIEN, J. The action was brought to recover a penalty provided by section 1239 of the Greater New York Charter, Laws 1901, p. 523, c. 466, for a violation by the defendant of said section in failing to report to the department of health a written copy of the register of birth of James Driscoll. The defendant is a practicing physician, and his claim is that he mailed the certificate of birth to the department.

Section 1237 (page 522) of the Greater New York Charter provides. among other things, that it shall "be the duty of physicians  *   *   * to keep a register of the several births in which they have assisted professionally,  *   *   *  and to report the same within ten days to the ·department of health." And by section 1239 of the charter it is provided that "for every omission to make and keep a register of  *   *   * births required by the preceding sections, and for every omission to report a written copy of the same to said department of health within ten days after any birth  *   *   *  provided to be registered, and for every omission to make the report of any  *   *   *  birth  *   *   * the person guilty of such omission shall be liable to pay· a fine of one hundred dollars." The assistant register of records of the borough of ·the Bronx, to whom the report should have been made, testified that there is a regular form supplied by the department of health upon which the notification by a physician is made, and that the general rule is to mail the notices so that they reach the health department through the post office. The appellant contends that this is not a compliance with the provisions of the charter, and that, to relieve themselves from the penalty, the duty is imposed upon physicians of personally filing such certificates. We do not deem it necessary to discuss this question at any length, because the opinion rendered by the learned Appellate Term fully covers it, and we agree with the views therein expressed that the construction for which the appellant contends cannot be sustained, and that a physician complies with the statute when he has properly made out a certificate, and has mailed it properly directed to the department of health. Although the statute does not require that the certificate should be taken in person by the physician to the board of health, it places the burden upon him, where it does not appear that the certificate was filed with the board, of furnishing the evidence of its having been properly and duly mailed, if he would escape the penalty imposed for the omission to comply with the provisions of law. The more serious question is as to whether the notice here was actually mailed within the 10 days. Upon this we have the defendant's testimony, which, although it is not as positive and satisfactory as could be wished, was sufficient to justify the conclusion at· which both the Municipal Court and the learned Appellate Term arrived that the notice was properly mailed. Summarizing the defendant's testimony, he says that he attended at the birth of the child, and made a record thereof by entering it in his books and preparing a copy of such record for the health board; and in reply to the question, "What did you do with that certificate?" he answered, "Put it in the letter box, as near as I can remember." Were this all of his testimony, we should not deem it sufficient; but he further testified that he took the certificate, put it into an envelope, directed the envelope to the "Board of Health, Bureau of Records, 55th Street and Sixth Avenue," which concededly was the place to ʼwhich such certificate should be sent, put a stamp on the envelope, and put it· in one of the regular mail boxes of the government. When cross-examined with reference to the exact date, he could not give it, although he stated positively that the notice was made out and sent within the ᶦo days. From his further testimony it would appear that the child died within seven days of its birth, and that he sent to

the health board a certificate of the death; and, when cross-examined as to when he mailed this latter certificate, he was much more hazy as to the date and manner of mailing it. With reference, however, as to mailing the certificate of birth, he again swore, on redirect examination, when his attention was again called to the subject, that while he could not fix the date nor the place positively, it was within the 10 days required by law, and that he was quite sure that he mailed it personally. We think, therefore, as already said, that, although the defendant might have been a little more definite as to the date and the particular letter box in which he placed the notice, in view of his testimony that he made it out and placed it in an envelope duly stamped and properly directed, and that he personally placed it in a letter box, there was sufficient upon which to rest the conclusion of the Municipal Court and the Appellate Term as well as the decision of this court that the certificate was actually mailed by the defendant to the board of health.

It follows accordingly that the determination of the Appellate Term affirming the judgment of the Municipal Court should be affirmed, with costs.

PATTERSON and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. The statute was in no way complied with.

LAUGHLIN, J. (dissenting). I am of opinion that the Legislature intended to make it the duty of a physician not only to make out and keep a register of the births he has attended professionally, but also to see to it that a copy of the entry in such register concerning a birth reaches the department of health within 10 days. Of course, it is not necessary that he should present it in person. He may employ the mails, or any agency, for the purpose of transmission; but in that event he must, by inquiry or otherwise, ascertain that it has reached its proper destination within the time prescribed therefor by the statute. The language employed is fairly susceptible of this construction, and the efficiency of the statute requires it. The construction given in the prevailing opinion opens the door to collusion and corruption, and will render the law ineffectual. Physical or mental inability to comply with the law would doubtless be a defense to a prosecution for the penalty; but in the absence of such disability it was clearly competent for the Legislature to require an individual practicing a profession requiring a license to perform, as a condition of his right to practice his profession, an act manifestly justified by public policy, and essential to the enforcement of the criminal laws and to the establishment, preservation, and enforcement of personal and property rights. This construction of the statutes relating to the filing of certificates of births, marriages, and deaths will not impose an onerous burden upon the practitioner who wishes to comply with the law. If he sends the certificate through the mail, or otherwise than by a personal delivery, he may readily ascertain by telephonic communication whether it has been received, and there should be no difficulty in having an understanding

with the department of health that the receipt of such certificate will be timely acknowledged. The reputable, careful practitioner will take pride in observing the law. The penalty was only necessary to compel compliance by the disreputable and negligent members of the profession. It is no reflection on the medical profession, the great body of whom are conscientious upright citizens, to say that in it as in all other professions there are unfortunately some who could, for a sufficient consideration, be induced to omit filing a certificate of death, marriage, or birth. The construction I have indicated will remove this temptation, and will naturally insure the accuracy and completeness of the official records.