1815.

WISER
v.
BLACHLY.

Motion denied.

---

WISER, *an infant, &c., against* BLACHLY, *and the Execu-tors of* VAIL.

*Nov.* 17th
and 18th.

Where a replication is filed, and a cause set down for hearing, without any rule having been entered to produce witnesses, it is a waiver of a replica-tion ; and the defendants are entitled to the benefit of their answers, as if the cause had been set down on bill and answer.

Where a bond, given by a surety for the guardian of an infant, was taken by the surrogate in the name of the people, instead of the infant, the court corrected the mistake, and considered the bond as of equal validity as if taken in the name of the infant.

Where the intention is manifest, this court will always relieve against mis-takes in agreements, and that as well in the case of a *surety* as in any other case.

THIS cause coming on to a hearing, *H. Bleecker*, for the

defendants, objected to the hearing, on the ground, that to the answers of the executors replications had been filed, and that no rule had been entered to produce witnesses.

*Riggs*, contra, said, that as the cause was set down for a hearing, without such rule. it was a waiver of the replication, and the defendants were · entitled to the benefit of the answers, as if the cause had been set down on bill and answer.

THE CHANCELLOR said, this was the consequence, and the objection was overruled.

The bill was filed against the defendant, *Blachly*, as guardian to the plaintiff, charging him with wasting the personal estate, and the rents and profits of the real estates, belonging to his ward ; and that he was insolvent, &c., and prayed for an account ; and that he be discharged from his trust; and, also, charging that the testator of the other defendants was surety for the guardian's fidelity, and praying that they might make good whatever the guardian is unable to pay of what was due to the plaintiff.

The answers admitted the guardianship and security as charged, but the *devastavit* and the insolvency were denied, though the guardian stated an account of property received by him as guardian ; and the executors insisted that the bond ought to be sued at law, and there only.

Some proof was taken in the cause.

*Riggs*, for the plaintiff, contended, 1. That the guardian had received property, and for which he must account, and that it ought to be referred to a master to take an account, and to report whether he be a fit and proper person to continue guardian.

2. That the surety was holden, though the bond taken by the surrogate was incorrectly taken, and not according to the form prescribed by the act, (sess: 25. ch. 110.,) as it was

taken in the name of the people, and not to the infant. That
this court will correct such a mistake, and enforce the bond
according to the agreement and intention of the parties. He
cited 1 *Ves.* 456. 3 *Atk.* 388. 1 *Bro.* 269. 1 *P. Wms.*
60. 277. 334. 2 *Chan. Cas.* 225. *Prec. in Chan.* 309.

*H. Bleecker*, contra, said, that the surety was not holden,
as the statute had prescribed the form of the bond. If he
was, the guardian ought first to be found in default, and una-
ble to account and satisfy, but here was no evidence of any
*devastavit*, or default in the guardian.

THE CHANCELLOR. There must be a reference to the
master, to take an account of the property which it is admitted,
or proved, has come to the possession of the guardian ; and,
under the allegations contained in the case, it will be proper
for the master to inquire, also, into the fitness and competen-
cy of the guardian to continue in his trust. Perhaps it will
be premature to take an account of the assets in the hands
of the executors of the surety, until the default of the prin-
cipal, and his inability to pay, are first ascertained. But as
to the main point in the case, whether the surety is to be
holden, though the bond was taken in the name of the people
instead of the name of the infant, I have no difficulty in
saying, that it is within the ordinary jurisdiction of this
court to correct such a mistake, by holding the party ac-
cording to his original intention, and to consider the bond as
taken to the infant. Where the intention is manifest, this
court will always relieve against mistakes in agreements.
(2 *Atk.* 203. 1 *Ves.* 317.) The case cited from *Prec. in
Chancery* shows, that the court will do it in the case of a
surety. Here it is admitted in the answer, and the bond
itself is conclusive proof that *Vail* intended to bind himself
as security for *Blachly*, the guardian ; and, whether the bond
was taken in the name of the infant, or in the name of *the
people*, in trust for the infant, it is but matter of form and

VOL. I. 4 H

*1815.*

WISER
v.
BLACHLY.

1815.

WISER
v.
BLACHLY.

not of substance ; it would be intolerable that such a mistake should prejudice or destroy the rights of the infant.

I shall, accordingly, decree, that the bond, executed by the surety, is to be valid as a security to the like extent as if it had been taken by the surrogate according to the act; that the guardian shall account with the plaintiff for the moneys, estate, and effects of the plaintiff, which have come to his hands as guardian ; that it be referred to a master to take the account, and also to inquire and ascertain whether B., the guardian, be able to pay what may be found due, and whether he has taken due care of the plaintiff and her estate ; and whether he be a suitable person to continue guardian ; and that the question of costs, and all other questions, be, in the mean time, reserved.

Decree accordingly.