HORACE PRIOR and another, Executors of Henry Prior, deceased, *v.* GIBSON F. WILLIAMS, HARRIET H. CHAMBERLAIN and WILLIAM B. CHAMBERLAIN.

A court of equity will reform a deed or writing, if by accident or mistake it does not express the real intention of the parties.

WRIGHT, J. The briefs of counsel are confined principally to a discussion of the facts. We do not look into the evidence to determine whether the referee has found the facts correctly. Our province is to take the facts as found by the referee, and determine whether he has or has not drawn correct legal conclusions from them. Hence, no question is before us as to the sufficiency of the evidence of notice of protest of the note, that the mortgage is claimed to have been given to secure, to charge Mrs. Chamberlain as indorser. The referee distinctly finds that the note was protested for non-payment by the proper officer, and due notice given to her. Nor is the attempted ground of defense in the case, that the note was fraudulently diverted from its purpose, and, therefore, Mrs. Chamberlain, an accommodation indorser, is discharged from liability. True, the note was made by filling up one of the notes previously indorsed in blank by Mrs. Chamberlain, for the accommodation of the firm of Prior, Holcomb & Co., of which Wm. B. Chamberlain, her son, was a member. But Henry Prior, the holder and owner of the note, was not one of the firm, and the finding is, that upon the note, he, in good faith, lent and advanced to the maker, Wm. B. Chamberlain, on the day of its date, the sum of $1,500, and the money was by Chamberlain paid into the firm, as a contribution by him to the capital thereof. The principle that a *bona fide* holder for value, may recover against an accommodation indorser, even when there has been a misappropriation of the paper, if there were any in this case, is too familiar to require illustration.

The note was misdescribed in the mortgage in a single particular. It was described as being payable one year after date, whereas it should have been three months after date.

The sole question is whether, upon the facts before us, a reformation of the instrument in this respect was error. I think it was not. They were in substance these: Wm. B. Chamberlain, as has been stated, was a member of the firm of Prior & Co. of the city of New York. Harriet H. Chamberlain, his mother, resided at Buffalo. The note in question was made by the son and indorsed by Mrs. Chamberlain, to raise money to contribute his proportionate share of increased capital of the firm. It was for $1,500, dated 23d November, 1859, and payable to the order of Harriet H. Chamberlain, three months after the date thereof. About the day of its date it was negotiated by W. B. Chamberlain the maker, to Henry Prior, the plaintiff's testator, who lived on Long Island, and in no way connected with this firm. Some days after Prior had loaned and advanced the money on it, an arrangement was made between him and Chamberlain to the effect that Chamberlain should obtain a mortgage from his mother to secure the payment of the note, and that the loan should be thereupon extended for a year from the date of the note. Thereupon Chamberlain wrote to a brother of his, at Buffalo, who resided with his mother, informing him, in substance, that a note made by him and indorsed by his mother, dated November 23, 1859, for $1,500, and payable three months from its date, was outstanding, and that he had arranged with Horace Prior, so that by giving her mortgage to secure it, a year's time from the date thereof would be obtained thereon, and requested him to draw such a mortgage to Horace Prior, and get his mother to execute it. The contents of this letter, on being received, were made known to Mrs. Chamberlain. Shortly after the receipt of this letter, and on the 10th December, 1859, Mrs. Chamberlain executed, acknowledged, and forwarded by mail to Wm. B. Chamberlain at the city of New York, a mortgage upon the premises described in the complaint (and which is the instrument sought to be referred), bearing date on 23d day of November, 1859, in which Horace Prior was named as mortgagee, expressing a consideration of $1,500, and conditioned as follows :

"Provided, always, and these presents are upon the express condition, that if the said Harriet H. Chamberlain, party of the first part, her heirs, executors or administrators, shall well and truly pay, or cause to be paid, to the said party of the second part, his heirs, executors, administrators or assigns, the just and full sum of $1,500, with interest from the date hereof, according to the conditions of a certain promissory note, bearing even date herewith, made by the said Harriet H. Chamberlain and William B. Chamberlain, of the city of New York, payable *one year after the date thereof*, with interest, then these presents and the said promissory note shall cease, and be null and void." The mortgage also contained a power of sale, to be effective "in case of the non-payment of the said sum of $1,500, or of the interest thereof, or any part thereof, at the time above limited for the payment thereof."

Mrs. Chamberlain, as the referee finds, on executing this instrument, intended to execute a mortgage to secure the payment of the note held by Henry Prior, the plaintiff's testator, one year from the date thereof, in order to enable her son, William B. Chamberlain, to obtain the nine months' additional time for its payment; and that the note was misdescribed in the mortgage inadvertently, and by mistake of Mrs. Chamberlain. This mortgage was forwarded by mail to William B. Chamberlain. Soon after receiving it, he handed it to Horace Prior, who acted as the agent of Henry Prior, and by his authority, in making the agreement for the extension of the loan, and in receiving the mortgage. Horace Prior objected to the mortgage that it was made to him instead of Henry Prior, and suggested that it should be sent back for correction; but upon being advised by counsel that he could assign the mortgage to Henry, and that this would be as well as to have it sent back to be corrected, he withdrew his objection and accepted the mortgage, and on the 13th December, 1859 (three days after its execution), assigned and delivered the mortgage to Henry Prior, who continued to hold the same up to the time of his decease. The mortgage was accepted in pursuance of the agreement

that the time for the payment of the note, on giving the mortgage, should be extended for one year from its date. Horace Prior, the agent, and Henry Prior, the holder and owner of the note, believed the mortgage to be a valid security, and, by inadvertence and mistake, failed to observe that it did not correctly describe the note. When the note, by the terms thereof, became due and payable, it was duly presented for payment, and payment thereof demanded and refused, and, thereupon, on the same or ensuing day, notice of such presentment, demand and refusal, was given by Henry Prior, through a notary public, to Mrs. Chamberlain, the indorser. On or about the 23d of November, 1860, the note and mortgage, with the interest thereon remaining unpaid, Mrs. Chamberlain, and her son William B. Chamberlain, gave their promissory note, payable four months from its date, for the first year's interest. The note was never paid; and when this action was brought to redeem the mortgaged premises from the defendant Williams, the assignee of a senior mortgage, the entire sum intended to be secured by the mortgage in question remained unpaid.

It is not clear that it was essential to reform the mortgage according to the prayer in the complaint, as it seems scarcely to have been a controverted question that the particular note in evidence was the one the mortgage was given to secure. But if essential, the referree decided correctly in granting the relief. The rule is, that a court of equity will reform a deed or writing, if by accident or mistake it does not express the real intention of the parties. This case, I think, is one for the application of the rule. The plaintiff's testator loaned to Wm. B. Chamberlain $1,500 on his note, indorsed by Mrs. Chamberlain, payable three months from date. Subsequently it is agreed between them that Chamberlain should obtain a mortgage from his mother, who was a party to the paper, to secure the payment of the note, and thereupon the loan should be extended one year from the date of the note. Mrs. Chamberlain, intending to carry out this agreement, executes a mortgage, and the plaintiff's testator accepts it, believing it to be in accordance with the agreement. By

Opinion of the Court, per Wright, J.

mistake or accident the mortgage was drawn so as to describe a note which was never in existence. The parties intended by the mortgage to secure the payment of the note in question, but the writing varies from their intent by expressing something differing in substance from the truth of that intent. It is a clear case, it seems to me, for the interference of a court of equity to reform the deed, so as to make it just what the parties intended it should be.

I am for an affirmance of the judgment.

Judgment affirmed.