GEORGE TURNER, Adm'r, v. J. D. QUINN, Adm'r.

*Appeal—Certiorari.*

Where an appeal has been dismissed for want of a proper justification of the undertaking on appeal, neither haste, ignorance nor inadvertence in the appellant's counsel in preparing the undertaking on appeal, will furnish any ground for issuing a *certiorari* as a substitute for an appeal.

PETITION by the defendant for a *certiorari* as a substitute for an appeal, filed at October Term, 1884, of the SUPREME COURT, and heard at the present term.

The facts appear in the opinion.

*Messrs. S. W. Isler, Theo. F. Davidson* and *E. C. Smith,* for the plaintiff.

*Mr. J. W. Hinsdale,* for the defendant.

ASHE, J.   The petition is for a *certiorari* to bring up the record from the Superior Court of Jones county in the above entitled case, which was a special proceeding begun by George Turner, administrator of A. Turner, against the petitioner and others to sell land for the payment of the debts of his intestate. There was an appeal from the clerk to the Superior Court in term, and from that court to this, and here at the October Term, 1884, the appeal was dismissed for the reason that the appeal bond of the defendants in the action had not been justified according to the requirements of the statute.

Petitioners state that they were minors when the judgment was rendered against them, and they had no regular guardian or guardian *ad litem,* and no service of process had ever been made upon them.

That their counsel who drew the appeal bond was pressed for time, and in the hurry of the moment omitted to state in the justification that the sureties were worth *double* the amount of the bond, and that the surety is worth twenty times the amount of the bond, and they pray that the judgment and other proceedings connected therewith be removed to this court.

We do not think the excuse rendered for the omission of the justification of the undertaking, as required by the statute, is admissible.   In almost every instance where a bond has not been justified according to law, the failure to do so has been the consequence of haste, inadvertence or ignorance.   If we should admit any of these causes as sufficient to omit the enforcement of the statutory requirement, we might as well dispense at once with the practice of requiring its observance.   Infant defendants are as much bound to give appeal bonds as others.

There having been shown no good reason why the writ should be issued, it is refused.

*Certiorari* refused.