ABBY E. VAILL, Appellant, *vs.* TOWN COUNCIL OF NEW SHOREHAM.

Pub. Stat. R. I. cap. 64, § 11, provides for an appeal to the Court of Common Pleas by any person aggrieved by the doings of a town council laying out a highway through his land, such person "giving bond to the town to prosecute his appeal, and producing an attested copy of the whole proceedings to such court, and filing his reasons of appeal with the clerk of the court, ten days before the sitting thereof." A bond was given to the town council of a town for the purpose of taking an appeal under the statute :

*Held*, that the requirements of the statute had not been complied with, and that the Court of Common Pleas properly dismissed the appeal.

*Held*, further, that the court had no power to allow either an amendment of the bond to be made, or a new bond to be filed running to the town and bearing the same date as the one given, to be taken *nunc pro tunc*.

The appeal being a purely statutory proceeding, the filing of a bond in the form and at the time prescribed by the statute is the basis of the jurisdiction of the appellate court, and hence, unless the record shows that a bond has been thus filed, the court has no jurisdiction and can only dismiss the proceeding.

The power of courts under the statute of jeofails to permit any imperfection, defect or want of form in the pleadings and process to be amended, has not been enlarged by the Judiciary Act, cap. 15, § 4.

EXCEPTIONS to the Court of Common Pleas.

*Providence, November* 14, 1893. TILLINGHAST, J. The facts set out in the bill of exceptions are as follows, viz.: Abby E. Vaill, through whose land a highway was laid out by the town council of New Shoreham in 1892, being aggrieved by the action of said town council in the premises, desired to appeal therefrom to the Court of Common Pleas then next to be holden at Newport, at the May Term thereof, 1893. She filed an appeal bond for this purpose, which ran to the "town council of the town of New Shoreham," and thereupon carried her case to said Court of Common Pleas,

where, on motion of appellee, it was dismissed for want of a sufficient bond.

Previous to said dismissal, the appellant moved the court for leave to amend said bond so that it should run to the *town* of New Shoreham, instead of the town council thereof, which motion was overruled, on the ground that the court had no power to allow such an amendment to be made.

The said appellant also moved for leave to file a new bond bearing the same date as that of the one in question, running to said *town* of New Shoreham, to be taken *nunc pro tunc*, which motion was also overruled on the same ground; to all of which said rulings the appellant duly excepted, and now brings her case to this court to test the correctness of said rulings.

The first question which arises therefrom is as to the sufficiency of said appeal bond. Pub. Stat. R. I. cap. 64, § 11, provides that "If any person, through whose land a highway or driftway is laid, shall be aggrieved by the doings of the committee or town council, he, his heir or devisee may appeal to the next court of common pleas to be holden for the county in which such highway or driftway is located, giving bond to the town to prosecute his appeal, and producing an attested copy of the whole proceedings to such court, and filing his reasons of appeal with the clerk of the court, ten days before the sitting thereof."

It is clear that the giving of the bond in question was not a compliance with the requirement of the statute, and hence, the bond being essential to the effectiveness of the appeal, the case was properly dismissed, unless the court had power either to allow the bond to be amended as suggested or else to permit a new bond to be filed *nunc pro tunc*, as offered by appellant.

And first, then, had the court below any power to permit the bond in question to be amended? Or, to state the question differently, was said bond amendable in the manner suggested? We think not. For the appeal provided for, being a purely statutory proceeding, must be taken in the manner provided by the statute, or else the court obtains no

jurisdiction, and the proceeding is a nullity.   See *Santom* v. *Ballard*, 133 Mass. 464 ; *Henderson* v. *Benson*, 141 Mass. 218 ; *Moore* v. *Ellis*, 18 Mich. 77 ; *Dowell* v. *Caruthers*, 26 Kan. 720 ; *Clapp* v. *Freeman*, 17 R. I. 384 ; *Kenyon* v. *Probate Court of West Greenwich*, *ib.* 652.   The bond required by the statute is a bond to the *town*, while that which was given was to the town council.   It was not, therefore, defective in form merely, but in substance, in that it was given to another party than the one prescribed by the statute, which was practically the same as giving no bond at all.   And to have allowed such a bond to be amended, as requested, would have been equivalent to allowing the filing of a new and different bond from the one which was filed.   This court has uniformly given a liberal construction to our statute of jeofails, by permitting any imperfection, defect or want of form in the pleadings and process to be amended, whenever it could properly be done, to the end that the real question or questions in controversy might be determined and justice administered ; *Ellis* v. *Appleby*, 4 R. I. 462, 469 ; *Matthews* v. *Morrison*, 13 R. I. 309 ; *Hawkins* v. *McNeal*, 16 R. I. 386 ; *Hudson* v. *Fishel*, 17 R. I. 69 ; *Eaton* v. *Case*, *ib.* 429 ; a practice of which we all approve.   But it goes without saying, that in order to enable the court to exercise the large discretionary powers conferred upon it by said statute, there must be something before it, upon which to graft an amendment.   In the case at bar, there was really no bond to amend, and hence no amendment could be made thereto.   In *Thayer* v. *Farrell*, 11 R. I. 305, Durfee, C. J., in construing the statute relating to amendments, said :   "The power is large, but not unlimited.   It authorizes the amendment of defects, not the substitution of a new action."   But the appellant contends that even if the statute of jeofails above referred to is insufficient to enable the court to allow the amendment proposed, section 4 of chapter 15 of the Judiciary Act is broad enough for that purpose.   Said section is as follows :   "All pleadings which contain the essential averments, according to the rules of the common law or the practice of this state, shall be held good, notwithstanding the omission of immaterial

matter of prescribed forms ; and the court may at any time permit either of the parties to amend any defect in the process or pleadings, with or without terms, in the discretion of the court, or in pursuance of general rules." We fail to see that this statute enlarges the power conferred upon the court by the former provision.

Second. Had the court below power to permit the appellant to file a bond *nunc pro tunc*, as offered? We think not. The filing of the bond, at the time and in the manner prescribed by the statute above recited, is the basis of the jurisdiction of the appellate court, and hence, unless the record shows that the bond has been thus filed, the court is powerless, except to dismiss the proceeding. Elliott on Appellate Procedure, § 374 and cases cited ; *Turner* v. *Quinn*, 92 N. C. 501. And to allow a new bond to be filed would be to permit an appeal to be taken at a time and in a manner not provided for by the statute.

We do not think the cases cited by counsel for the appellant go to the extent of holding that where a statute expressly provides that the bond shall be given to a designated party, and where as matter of law the giving of the bond is essential to the jurisdiction of the appellate court, that court has power, in the absence of express authority or of some practice peculiar to the jurisdiction to that effect, to allow a bond given to another party to be so amended as to make it conform to the statute. We will briefly consider the cases cited in support of the appellant's motion. *Wiser* v. *Blachly*, 1 Johns. Ch. 607, was a bill in equity against a guardian and the surety on his bond charging waste and insolvency, and praying for an account. The bond given by the surety was taken in the name of the people instead of the name of the infant, as prescribed by the statute. The Chancellor held that it was within the ordinary jurisdiction of that court to correct such mistake by holding the party according to his original intention, and to consider the bond as taken to the infant. That was a very different case from the one before us, and particularly in that it was one where the surety was seeking to take advantage of a mistake in his own bond

given for the benefit of the infant. And whether the bond was amendable or not, he was clearly estopped from setting up such a defence. As said by Elliott on Appellate Procedure, § 365, "The question as to the validity and effectiveness of a bond assumes a different form in a case where the obligors seek to escape liability from that which it wears in a case where the appellee appropriately and opportunely demands a bond properly worded and executed. The cases are radically different and are governed by very different rules. It is obvious that an appellee who properly and duly demands a bond executed in conformity to the requirements of the law occupies a very different position from that occupied by parties who seek to defeat a recovery upon the bond. Defects not available to defeat a recovery on the bond may be sufficient to entitle an appellee to a new bond."

In *Irwin* v. *Bank of Bellefontaine*, 6 Ohio St. 81, the court held that it had power to allow of the filing of a new appeal bond by the appellant, the one first filed not being in compliance with the statute. But this was done under a statute much broader than ours, and one which clearly permits a new bond to be filed.

In *Wilson* v. *Allen*, 3 How. Pr. 369, the "undertaking," which is equivalent to our appeal bond, not being in conformity to the statute, the court permitted the same to be amended in matter of substance, under a provision of the code which authorized the court, "at any time, in furtherance of justice, to amend any pleading or *proceeding*, by correcting *a mistake in any respect*."

In *Shelton* v. *Wade*, 4 Tex. 148, it was held that where an appeal bond was objected to, merely for informality or insufficiency, it was within the discretion of the court to refuse to dismiss the appeal, if the appellant would perfect the bond ; and also that when the bond was for too small an amount, the appellant might be permitted to file a new bond. But an examination of the case shows that the bond in question was not void, but simply defective and capable of being amended. The decision in *Adams* v. *Null*, 5 Watts & Serg. 363, was based upon a rule of court which required the ap-

pellee, if the recognizance given was bad, to call on the appellant for a good one. And this being done, the court had power, under said rule, to permit the appellant to file a proper recognizance *nunc pro tunc*.

In *Cunningham* v. *Hopkins*, 8 Cal. 33, it is held that where a mere *defective* undertaking has been *bona fide* given, and the appellant will file a good one before the case is submitted, the court will allow him to do so.

The cases of *Catlet* v. *Brodie*, 9 Wheat. 553; *Brobst* v. *Brobst*, 2 Wall. 96; *Seymour* v. *Freer*, 5 Wall. 822; *Edmonson* v. *Bloomshire*, 7 Wall. 306; *Bigler* v. *Waller*, 12 Wall. 142, 149, are not pertinent, for the reason that under the rules and practice of the Supreme Court of the United States, in which they were all decided, a prayer for an appeal, and its allowance, by the court below, constitutes a valid appeal though no bond is given, the bond being to be given with effect at any time while the appeal is in force. That is to say, the taking of security below, under the provision of § 1000, Rev. Stat. U. S., is not essential for jurisdiction, as such security can be given in the Supreme Court. See § 1007, Rev. Stat. U. S.; *Martin* v. *Hunter*, 1 Wheat. 304, 361; *Brown* v. *McConnell*, 124 U. S. 489; *Davidson* v. *Lanier*, 4 Wall. 447.

The counsel for the appellant further contends that as it was evidently the intention of the appellant to give the bond prescribed by the statute, the town council took the same as trustee for the town, and hence that the bond, as it stands, is sufficient. But he cites no authority in support of this contention, nor have we been able to find any. In the absence of any proof to the contrary, it is to be presumed that the appellant intended the bond to be for the benefit of the party to whom it was given. But even though it was intended to enure to the benefit of the town, it was not such a bond as the statute requires, as we have already said, and hence did not have the effect to remove the case to the appellate court. See *Garrett* v. *Shove*, 15 R. I. 538; *Murray* v. *Peckham, ib.* 297; *Andrews* v. *Beane, ib.* 451; *Purple* v. *Purple*, 5 Pick. 226.

A motion for a new trial appears amongst the papers in the case, but as it has not yet been argued, we express no opinion thereon.

*Exceptions overruled.*

*William P. Sheffield & William P. Sheffield, Jun.,* for Appellant.

*Francis B. Peckham & Christopher E. Champlin,* for Appellee.