BURNS v. O'GORMAN CO.

(Circuit Court, Rhode Island. November 17, 1906.)

No. 2,803.

BANKRUPTCY—ACTION FOR CONVERSION BY TRUSTEE—PLEADING TITLE.

A trustee in bankruptcy may sue in trover for a conversion of goods occurring either before or after bankruptcy, and in the declaration may join a count upon the bankrupt's title and a count upon the trustee's title,

being vested by Bankr. Act July 1, 1898, c. 541, § 70a, subd. 6, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], with the bankrupt's rights of action; and, having such right, where the declaration contains but a single count upon the trustee's title, but the case is tried and submitted without objection as though both such counts were in the declaration, a claim of variance, in that the evidence showed the title to be in the bankrupt at the time of conversion, will not be entertained as a ground for granting a new trial, especially when under the state practice the declaration might have been amended if the objection had been made on the trial.

At Law. On motion for new trial.

Tillinghast & Murdock, for plaintiff.

Barney & Lee, for defendant.

BROWN, District Judge. A trustee in bankruptcy may sue in trover for a conversion of property occurring either before or after bankruptcy, and in a declaration may join a count upon the bankrupt's title and a count upon the trustee's title. 2 Chitty on Pleading (11th Am. Ed.) 837 et seq.; 1 Chitty on Pleading (11th Am. Ed.) 71.

At the date of the writ the trustee was vested with the title of the bankrupt in the goods, and with the bankrupt's rights of action arising from an unlawful taking of his property. Bankr. Act July 1, 1898, c. 541, § 70a, subds. 5, 6, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]. In pursuance of the present writ, describing the action as "an action of the case for trover and conversion," the plaintiff trustee in bankruptcy, relying upon a particular act of conversion, under familiar principles of pleading, might have counted both upon the bankrupt's possession or title and upon the trustee's possession or title, in order to anticipate any variance of proof in this particular. As will be seen by the precedents in Chitty above referred to, a cautious pleader will do well to count both upon the bankrupt's possession or title and upon the trustee's possession or title, particularly in view of the questions that may arise, under section 70 of the bankruptcy act, as to the date of vesting of title in the trustee.

The declaration in the present case contains only a single count in trover upon the trustee's title. The case nevertheless was, without objection or exception, submitted to the jury as if both such counts were contained in the declaration. The question whether, at the time of the conversion, the goods were the property of the bankrupt, was fully argued and submitted to the jury. No objection on the ground of a variance from the declaration was made to the admission of proof that the title was in the bankrupt at the date of the conversion; nor was objection made or exception taken to the charge of the court submitting the case to the jury with instructions that the plaintiff must satisfy them that the goods were the property of the New York Trading Association, the bankrupt. The court instructed the jury:

"If these goods were the goods of the plaintiff, or of the corporation whom the plaintiff trustee represents, then you should find that fact as to ownership of title in favor of the plaintiff."

It is now urged that a new trial be granted because of the insufficiency of proof to sustain the allegation of the trustee's title to the goods at the date of conversion. This is, in effect, a claim of a variance be-

tween the declaration counting on the trustee's title and the proof tending to show title in the bankrupt at the time of the conversion. This is apparently an afterthought. At all events, it was not suggested in any way at the trial. Had the point been raised at the trial, I am of the opinion that the plaintiff, under the circumstances, would have been permitted to obviate it by filing an additional count, or by amending the declaration to conform to the proof. As will be seen by reading the proceedings of the trial, no point was made as to whether, at the time of the conversion, the title was still in the bankrupt or had passed to the trustee. To permit a defendant to reserve a point of this kind. and first urge it on a petition for a new trial after a full trial on th' merits, would be to give weight to a purely technical objection having no relation to the substantial rights of the defendant or to the question whether the defendant had had a full and fair trial.

By the Court and Practice Act of Rhode Island, § 243 (Gen. Laws, p. 809), it is provided that, when any action has been commenced in the name of the wrong party, the court, if satisfied that it has been so commenced by mistake and that it is necessary for the determination of the real matter in dispute so to do, may allow any other party or parties to be substituted or added as plaintiff or plaintiffs. Save for the fact that, under the provisions of the bankruptcy act, the bankrupt's right of action had vested in the trustee, it would have been permissible to amend by making the bankrupt himself plaintiff, instead of the trustee. A change of plaintiff is in a certain sense a change of the cause of action, since the case then proceeds upon the violation of the right of another party. If it be permissible to change a plaintiff, it would seem also permissible to allow the successor of a bankrupt to proceed upon the bankrupt's title or right of possession, instead of his own, since, but for special provisions of the bankruptcy law, the bankrupt might become a substituted plaintiff. Whatever may be the limitations which judicial decisions require us to place upon section 261 of the Court and Practice Act (see Thayer v. Farrell, 11 R. I. 305; Vail v. Town Council of New Shoreham, 18 R. I. 405, 28 Atl. 344), it seems to be settled that it is no objection that the amendment is one of substance. Wilson v. N. Y., N. H. & Hartford R. R. Co., 18 R. I. 598, 29 Atl. 300.

The next question is whether there was a sufficiency of proof that at the time of the conversion the title to the goods was in the bankrupt. This was submitted to the jury upon conflicting evidence, and I see no reason for disturbing the jury's finding upon this point.

It is also urged that the damages are excessive. While there is some uncertainty in the proofs as to the exact number of goods on hand at the time of the conversion, and while, if the defendant's figures as to the number of books redeemed on the days immediately preceding the conversion were taken as exact, the verdict would require reduction by some five hundred dollars, yet there were questions as to the credibility of witnesses and of the accuracy of the count of goods redeemed which were proper matters for the jury. It cannot be said that the verdict in respect to damages is without evidence to support it, and the jury was not required to accept as conclusive the testimony

of the defendant upon this point. I am of the opinion that a conversion of goods by the defendant was clearly proved.

Petition for a new trial denied.