# LUCHS *v.* CHRISTMAN.

TRIAL; STATUTES; TAX SALE; LIMITATIONS; CLOUD ON TITLE; INJUNCTION; LACHES.

1. According to the established equity practice, if the plaintiff sets down

the cause for hearing on bill and answer, the answer will be taken as true in every particular, because the defendant, by the plaintiff's action, has been precluded from substantiating if by proof (citing *Alfred Richards Brick Co.* v. *Trott*, 16 App. D. C. 293) ; and by setting the cause down for hearing on bill, answer, and replication, the plaintiff cannot deprive the defendant of the benefit of his answer denying the charges of the bill, and is regarded as having in fact waived his replication; and the result is in substance the same as if the hearing be on bill and answer alone.

2. The courts give great weight to the long-continued practice of an executive department founded upon a statute conferring powers of administration, but never a controlling weight save in cases of doubtful construction. (Citing *Payne* v. *Houghton*, 22 App. D. C. 234.)

3. An action against the Commissioners of the District of Columbia to compel the execution and delivery of a tax deed to the holder of a tax sale certificate is not one for the recovery of land so as to render applicable the fifteen-year period of limitation prescribed by sec. 1265, D. C. Code (31 Stat. at L. 1389, chap. 854), but falls within the further provision of that section requiring that no action, the limitation of which is not otherwise specially prescribed in the section, shall be brought after three years subsequent to its accrual.

4. A tax deed is a cloud on title, since, by the terms of the statute, it is made prima facie evidence of a good and perfect title in fee simple. (Citing *Buchanan* v. *Macfarland*, 31 App. D. C. 15.)

5. A landowner who would have a right to sue to remove, as a cloud on title, a tax deed about to be executed, may resort to equity to enjoin its execution.

6. The holder of a tax sale certificate who neglects to demand a tax deed for nine years after his right thereto accrues, and fails to pay any subsequently accruing taxes, is guilty of laches precluding his right to the deed, as against one succeeding to the tax debtor's title eight years after the certificate holder became entitled to the deed, even though he is chargeable with notice of the tax sale, as he had the right to presume that the certificate holder had abandoned his right or claim.

No. 2667. Submitted May 5, 1914. Decided May 22, 1914.

HEARING on an appeal by one of several defendants from a decree of the Supreme Court of the District of Columbia declaring certificates of tax sales for certain lots barred by laches,

and enjoining the District Commissioners from issuing to defendant deeds to the lots under the certificates. *Affirmed.*

The facts are stated in the opinion.

*Mr. J. H. Adriaans* for the appellant.

*Mr. J. J. M. O'Leary* and *Mr. Raymond M. Hudson* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal by Leo Luchs, one of the defendants, to a bill filed by Philip H. Christman against him and the District Commissioners, from a decree declaring barred certificates of tax sales for lots E and F in square 100 in the city of Washington, and enjoining the Commissioners from executing a deed to said Luchs, in pursuance of the same. The bill was filed October 20, 1913. The several defendants answered under oath, and plaintiff filed a replication. The plaintiff, without offering to take testimony, submitted the cause for hearing on the bill, answers, and replication. According to the established equity practice, if the plaintiff set down the cause for hearing on bill and answer, the answer will be taken as true in every particular, because the defendant, by the plaintiff's action, has been precluded from substantiating it by proof. *Alfred Richards Brick Co.* v. *Trott,* 16 App. D. C. 293, 299. By setting the cause down for hearing on bill, answer, and replication, the plaintiff cannot deprive the defendant of the benefit of his answer denying the charges of the bill. By so doing, he is regarded as having in fact waived his replication, and the result is substantially the same as if the hearing be on bill and answer alone. *Wiser* v. *Blachly,* 1 Johns. Ch. 607.

Certain allegations of the bill attack the regularity of the tax sales on which the certificates were issued. These allegations are wanting in precision, and amount in great part to conclusions of law.

The denials of these allegations are likewise objectionable, but, we think, under the circumstances, sufficient to remove them from consideration.

The undisputed facts are these:

By a decision of the supreme court of the District made in 1896, it was declared that Luchs was entitled to two sevenths of the lots in controversy, and one Mary Mason to the remaining five sevenths. October 21, 1896, Luchs and Mason entered into an agreement to convey their said interests to trustees, authorizing them to sell the same and divide the proceeds of sale between the said owners according to their respective interests.

A conveyance to Williamson and Moulton, trustees, was made in execution of this agreement, October 23, 1896. They conveyed the lots to Martha A. Coleman June 9, 1897, but the deed was not recorded until July 23, 1901. The property was assessed for taxation against the trustees for the year 1901. The taxes being unpaid, the property was advertised for sale by the assessor of taxes and sold April 8, 1902, to Luchs, to whom a certificate of sale was issued entitling him to a deed after the lapse of two years.

Martha A. Coleman conveyed her title to Van Vleck July 7, 1902. Van Vleck conveyed to Band October 2, 1912, and Band conveyed to plaintiff, Christman, December 27, 1912. These deeds were recorded in due time. Christman entered into and holds possession under his deed. Luchs has paid no taxes since his purchase at tax sale. The several owners under the trustees' conveyance and others have paid all the taxes assessed against the lots save and except certain special taxes for the years 1911 and 1913, but the plaintiff has tendered the payment of the same, which the Commissioners have refused to receive. In August, 1913, plaintiff offered to repay Luchs the money paid by him under the sale in 1902 with interest. Luchs agreed to accept the money and surrender the certificates, but put the matter off by saying that the certificates were in the possession of his son-in-law, who was in Europe. This was untrue, for Luchs, in August 11, 1913, had filed the certificates with the Commissioners and applied for a deed. Luchs had

the right to demand his deed upon the certificates of sale two years after their issuance, namely, August 8, 1904. The single question for determination is whether, by his failure to demand the deed until August 11, 1913, he is barred of his right to the same.

The Commissioners answer that it has been the practice to issue deeds if applied for before the expiration of fifteen years. But we find no specific provision of the statute which fixes a limitation upon the time.

The statute (Code, sec. 1265 [31 Stat. at L. 1389, chap. 854]) prescribes fifteen years as the limitation of actions to recover the possession of lands, and the practice of the Commissioners is doubtless founded upon the supposed analogy of the two claims. The courts give great weight to the long-continued practice of an executive department founded on a statute conferring powers of administration, but never a controlling weight save in cases of doubtful construction. *Payne* v. *Houghton,* 22 App. D. C. 234, 242; *Houghton* v. *Payne,* 194 U. S. 88, 100, 48 L. ed. 888, 891, 24 Sup. Ct. Rep. 590.

An action against the Commissioners to compel the execution and delivery of a tax deed is not one for the recovery of the possession of land. The holder of a tax sale certificate has no title to the land. He has the right to call for a deed, which deed will enable him to sue for the possession in case the land is held by another.

If this were an action to compel the Commissioners to issue the deed, it would be barred by the provision of sec. 1265, which declares that "no action, the limitation of which is not otherwise specially prescribed in this section, shall be brought after three years from the time when the right to maintain such action shall have accrued."

Had the deed been issued upon the demand, it would constitute a cloud upon the title; by the terms of the statute such a deed is made prima facie evidence of a good and perfect title in fee simple. *Buchanan* v. *MacFarland,* 31 App. D. C. 6, 15, and cases cited.

Having the right to bring a suit to remove the cloud upon

his title cast by such a deed, the plaintiff has the same right to .appeal to a court of equity to prevent the cloud upon his title that would be cast by the execution of the deed. Aside from the question of a statutory bar, the certificate holder is barred by his laches. His certificates of purchase were issued in April, 1902, and he was entitled to demand his deed two years thereafter. He made no demand until August, 1913. In the meantime he paid none of the taxes yearly accruing. These, with the exceptions before noted, were paid by those claiming under the trustees' deeds.

The plaintiff acquired his title December 27, 1912. Assuming that he and those under whom he claims are charged with notice of this tax sale of 1902 and the certificate issued thereon, they had the right to presume that the certificate holder had abandoned his right or claim to the deed. *Ockendon* v. *Barnes,* 43 Iowa, 615, 617. In the language of the court in that case: "They would be authorized to purchase and pay for the land upon this presumption, and the purchaser at the tax sale could not afterwards take a deed and defeat the title they acquired." The decree, in recognizing plaintiff's demand for equitable relief, required him to do equity by repaying defendant the amount of his payments upon his purchase at the tax sale, with interest.

The decree will be affirmed, with costs. *Affirmed.*