(173 App. Div. 205)

### J. P. DUFFY CO. v. TODEBUSH.

(Supreme Court, Appellate Division, Second Department.   May 26, 1916.)

1. EQUITY ⬤➞46—JURISDICTION—ADEQUATE REMEDY AT LAW.
   By "inadequacy of the remedy at law" is not meant a failure to produce money, but that in its nature or character it is not fitted or adapted to the end in view.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 151, 152, 157, 159–163; Dec. Dig. ⬤➞46.
   For other definitions, see Words and Phrases, First and Second Series, Inadequacy of Remedy at Law.]

2. EQUITY ⬤➞46—JURISDICTION—ADEQUACY OF LEGAL REMEDY.
   Unless the legal remedy, both in respect of the final relief and mode of obtaining it, is as efficient as the equitable remedy, the latter is not denied.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 151, 152, 157, 159–163; Dec. Dig. ⬤➞46.]

3. REFORMATION OF INSTRUMENTS ⬤➞17(1)—RELIEF—FORM OF REMEDY.
   The relief of reformation is a peculiar province of the equity court, which may apply the relief to a guaranty for a mistake of fact.
   [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 69, 71; Dec. Dig. ⬤➞17(1).]

4. REFORMATION OF INSTRUMENTS ⬤➞45(1)—RELIEF—EVIDENCE.
   To justify the relief of reformation, the proof must be so cogent and so convincing that the court is thoroughly satisfied.
   [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 157, 171, 177, 182, 189, 191; Dec. Dig. ⬤➞45(1).]

Appeal from Special Term, Kings County.

Action by the J. P. Duffy Company against August Todebush. From a judgment for plaintiff, and an order overruling a demurrer to the complaint, defendant appeals. Order affirmed, with leave to the defendant to plead over.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and RICH, JJ.

Otto A. Samuels, of New York City, for appellant.
Jeremiah J. Coughlan, of New York City, for respondent.

JENKS, P. J.   We do not read the opinion of the Court of Appeals in this case as a decision that the plaintiff could have had adequate relief in the law side of the court.   The judgment of this court in its First Department, that dismissed the complaint (157 App. Div. 688, 142 N. Y. Supp. 790), rests upon grounds that could not be obviated in the action at law.   The Court of Appeals affirmed the judgment (216 N. Y. 297, 110 N. E. 625), but did say that the weakness of the plaintiff's case depended primarily, not upon the application of the rule invoked by the Appellate Division, but upon a total failure of proof, and did declare that, if it had appeared that plaintiff was prepared to establish directly or inferentially that the defendant understood that he was promising to pay the debt of the corporation, it would then be necessary to decide whether or not such evidence was competent under the rule of Grant v. Naylor, 4 Cranch, 224, 2 L. Ed.

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

603 (and like cases), the authority mainly relied upon by the Appellate Division. As the case now stands, the plaintiff is dismissed from the law side of the court.

[1, 2] "By inadequacy of the remedy at law" is not meant a failure to produce the money, "but that in its nature or character it is not fitted or adapted to the end in view." Thompson v. Allen County, 115 U. S. 554, 6 Sup. Ct. 142, 29 L. Ed. 472. And unless the legal remedy, "both in respect of the final relief and the mode of obtaining it, is as efficient" as the equitable remedy, the latter is not denied. Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594, 32 L. Ed. 1005.

[3] The relief of reformation is a peculiar province of the equity court, which may apply the relief to a guaranty for a mistake of fact. Prior v. Williams, 3 Abb. Dec. 624, citing Wiser v. Blachly, 1 Johns. Ch. 437, 607, and other authorities, and cited in Simpkins v. Taylor, 81 Hun, 467, 31 N. Y. Supp. 169; Smith v. Allen, 1 N. J. Eq. 43, 21 Am. Dec. 33; Olmsted v. Olmsted, 38 Conn. 309; Besore v. Potter, 12 Serg. & Rawle (Pa.) 154. See, too, Clute v. Knies, 102 N. Y. 377, 7 N. E. 181; Brandt on Suretyship & Guaranty, § 159. Ontario Bank v. Mumford, 2 Barb. Ch. 596, cited by the learned counsel for the appellant, is criticized by Peckham, J., writing for the court in Prior v. Williams, supra.

[4] To justify the relief, the proof must be so cogent and so convincing that the court is thoroughly satisfied. Southard v. Curley, 134 N. Y. 148, 31 N. E. 330, 16 L. R. A. 561, 30 Am. St. Rep. 642, and cases cited. The present action seeks both reformation and recovery upon the guaranty so reformed. In Abbey v. Wheeler, 170 N. Y. at 127, 62 N. E. 1076, it is said:

"When a complaint is met by a demurrer on the ground that no cause of action is stated, the question always is, assuming every fact alleged to be true, whether enough has been well stated to constitute any cause of action whatever."

The other questions presented, of course, have received consideration, but do not justify expression. I advise that the order be affirmed, with $10 costs and disbursements, with leave to the defendant to plead over upon the payment of costs. All concur.