JAMES E. PHILOON, Trustee *vs.* FREEMAN A. BABBITT.

Androscoggin.    Opinion April 29, 1920.

*Bulk Sales Law.    R. S., Chap. 114, Sec. 6.    Trustee in bankruptcy bound by acts of the bankrupt in a limited sense only.    In cases of fraud, unlawful preference, and transfers made void by state law, the trustee has rights and remedies which the bankrupt did not possess.*

On Oct. 30, 1918, one Arthur W. Stetson, an insolvent debtor, sold and conveyed his entire stock of merchandise in bulk to the defendant without conforming to R. S., Chap. 114, Sec. 6 known as the Bulk Sales Law.

No evidence of intentional fraud appears, but the sale was by the explicit provisions of the statute made void as to Stetson's creditors.

The plaintiff as trustee in bankruptcy of Stetson having first made a written demand for the goods brought this action of trover against the defendant to recover their value.    The defendant does not dispute that the transaction was void as to Stetson's creditors, but maintains that it was valid as to Stetson and therefore valid as to the plaintiff his trustee in bankruptcy.    It is a sufficient answer to the plaintiffs contention to quote from the Federal Bankruptcy Law the last paragraph of sub-section e of Section 67 as follows:

"And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the State, Territory, or District, in which such property is situate, shall be deemed null and void under this Act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

While it is sometimes loosely said that the trustee steps into the shoes of the bankrupt and takes the property "in the same plight and condition that the bankrupt himself held it" this is true only with limitations. In case of fraud and unlawful preference the trustee in behalf of the creditors is given rights and remedies which the bankrupt did not possess. So too where the State law makes transfers void as to creditors.

On report. Trover to recover the value of a stock of goods bought by the defendant of the plaintiff's bankrupt in violation of Sec. 6, Chap. 114 of the Revised Statutes. Plea, the general issue. Judgment for plaintiff for $851.95 and interest from date of writ.

Case stated in the opinion.

*George C. Wing, Jr.*, for plaintiff.

*McGillicuddy & Morey*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J: On Oct. 30, 1918, one Arthur W. Stetson, an insolvent debtor, sold and conveyed his entire stock of merchandise in bulk to the defendant without conforming to R. S., Chap. 114, Sec. 6 known as the Bulk Sales Law.

No evidence of intentional fraud appears but the sale was by the explicit provisions of the statute made void as to Stetson's creditors.

The plaintiff as trustee in bankruptcy of Stetson having first made a written demand for the goods brought this action of trover against the defendant to recover their value. The defendant does not dispute that the transaction was void as to Stetson's creditors, but maintains that it was valid as to Stetson and therefore valid as to the plaintiff his trustee in bankruptcy. It is a sufficient answer to

the plaintiff's contention to quote from the Federal Bankruptcy Law the last paragraph of sub-section e of section 67 as follows:

"And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the State, Territory, or District, in which such property is situate, shall be deemed null and void under this Act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

While it is sometimes loosely said that the trustee steps into the shoes of the bankrupt and takes the property "in the same plight and condition that the bankrupt himself held it" this is true only with limitations. In case of fraud and unlawful preference the trustee in behalf of the creditors is given rights and remedies which the bankrupt did not possess. So too where the State law makes transfers void as to creditors.

"The general rule is that the trustee stands in the shoes of the bankrupt, but in all cases affected by the fraud of the bankrupt toward creditors, or where there has been some transfer or incumbrance of the property void as to creditors by State law, for want of record, or for failure to take possession, or otherwise, the trustee succeeds to the rights of any creditor who may be qualified under the state law to avoid the transfer." *Studebaker* v. *Carriage Co.*, (Mo.), 133 S. W., 414.

"Where there has been some transfer or incumbrance of the property void as to creditors by state law . . . . the trustee succeeds to the right of any creditor who may be qualified under the state law to avoid the transfers or incumbrances." *Mishawaka Co.* v. *Teasdale*, (Wis.), 129 N. W., 672. "Such rights as they (creditors) possessed . . . . . he (the trustee) possesses and he can avoid any transfer or conveyance of the property which they could have avoided." *Benner* v. *Bank* (Wash.), 131 Pac., 1152.

"A transfer . . . . is not voidable under Sec. 67 e unless it was either made with the intent on his part to hinder delay or defraud

his creditors or some of them or is held void as against his creditors by the laws of the state." *Coder* v. *Arts*, 152 Fed., 949.

In the instant case the sale to the defendant was by the State law made null and void as to creditors. Bankruptcy proceedings were begun within four months. The evidence shows that Stetson was insolvent at the time of the sale. The stock therefore "passed to the assignee" (trustee) under Section 67 e "to be by him reclaimed and recovered for the benefit of the creditors of the bankrupt."

We do not lose sight of the fact that in opinions by courts of the highest authority there are general statements that seem to be in conflict with our conclusion. We refer especially to *Coder* v. *Arts*, U. S. S. C., 53 L. Ed., 772, 782 wherein the court says: "To constitute a conveyance voidable under Section 67 e actual fraud must be shown." But in that case (and the same is true in other cases) the court is considering only that part of Section 67 e as is involved in the then pending controversy. Indeed in quoting Section 67 e "so far as it is necessary to consider it" the second paragraph relating to transfers void under State laws is entirely omitted. As Judge Newman remarks, In re Walden Bros. Clothing Co., 199 Fed. 318, referring to *Coder* v. *Arts*. "It leaves out of the question entirely consideration of the effect of a transfer void under the laws of the state."

It is not important that the stock was not in possession of the defendant at the time of demand, having been previously sold by him. As between the defendant and trustee the stock belonged to the latter and the sale of it by the defendant rendered him liable in trover without demand. Nor is it material that the stock was sold by the defendant before the appointment of the trustee. The trustee's title relates back to the beginning of bankruptcy proceedings. 3 R. C. L., page 231.

"A trustee in bankruptcy may sue in trover for a conversion of goods occurring either before or after bankruptcy." *Burns* v. *O'Gorman Co.*, 150 Fed., 226.

The evidence shows the value of stock not including fixtures to have been $851.95.

*Judgment for plaintiff for $851.95 and interest from date of writ.*