## FOSTER v. ZELLMAN.

District Court, D. Massachusetts. March 14, 1928.

No. 2870.

1. Bankruptcy ⊂⇒287(3)—Equity side of court may be resorted to for recovery of preferences.

The practice of resorting to the equity side of the court for the recovery of preferences by a bankrupt is too firmly established to admit of question.

2. Bankruptcy ⊂⇒287(1)—Trustee may sue at law to recover preferential transfer (Bankr. Act, § 60b [11 USCA § 96(b)]).

A trustee in bankruptcy may bring action at law to recover transfers made by bankrupt, which are preferential under Bankruptcy Act, § 60b (11 USCA § 96[b]).

3. Bankruptcy ⊂⇒287(3)—District Court's jurisdiction as court of equity to recover preferences is not exclusive.

The jurisdiction of the federal District Court as a court of equity over suits to recover preferences is not exclusive.

At Law. Action by Frederick B. Foster, trustee in bankruptcy, against Benjamin Zellman. On motion by defendant to dismiss. Denied.

Phipps, Durgin & Cook, of Boston, Mass., for plaintiff.

Kerwin, Reilly & Gilbride, of Lowell, Mass., for Old Lowell National Bank, trustee.

Martin Witte, of Boston, Mass., for defendant.

BREWSTER, District Judge. The plaintiff in the above-entitled action, as trustee in bankruptcy, brings on the law side of this court a suit to recover a preference resulting from the payment of money to a creditor within four months prior to bankruptcy.

The defendant moves to dismiss, on the ground that this court is without jurisdiction to entertain an action at law to recover a money preference.

[1] The practice of resorting to the equity side of the court for the recovery of preferences is too firmly established in this district to admit of question. Reed v. Guaranty Security Corp. (D. C.) 291 F. 580; Eyges v. Boylston National Bank (D. C.) 294 F. 286; Cunningham v. Rennison, 8 A. B. R. (N. S.) 313.

[2] So far as I am aware, defendant's motion for the first time questions the jurisdiction of the court to entertain actions at law to recover preferential transfers under section 60b of the Bankruptcy Act of 1898 (11 USCA § 96[b]).

The theory upon which the defendant proceeds is that, inasmuch as a payment of money is a transfer of property within section 60b, the equity powers of the court must, in theory, at least, be exercised in order to enable the trustee to avoid it and recover the property transferred, or its value.

But the plaintiff's right to recover does not rest on any principle of equity applied exclusively in courts of chancery. It springs from legislative enactment. The Bankruptcy Act, and not the equity court, declares the transaction voidable by the trustee. Trustees have resorted to actions at law where the remedy was adequate, and in no case, so far as I am able to discover, has their right to do so been heretofore challenged. Thus, in Burns v. O'Gorman Co. (C. C.) 150 F. 226, a trustee in bankruptcy was permitted to recover in an action of trover for conversion of goods in a suit brought under section 70a (11 USCA § 110[a]), and in Reber v. Ellis Bros. (D. C.) 185 F. 313, the trustee recovered in assumpsit the value of goods, the transfer of which was preferential. See, also, Golden Hill Distilling Co. v. Logue (C. C. A.) 243 F. 342.

[3] The jurisdiction of this court as a court of equity over suits to recover preferences is not exclusive. In Johnson v. Hanley-Hoye Co. (D. C.) 188 F. 752, Judge Brown intimated that the District Court had jurisdiction concurrently in both law and equity over such suits.

Some courts have refused to entertain suits in equity to recover money preferences. Warmath v. O'Daniel (C. C. A.) 159 F. 87, 16 L. R. A. (N. S.) 414; First State Bank of Milliken v. Spencer (C. C. A.) 219 F. 503. Others have followed the prevailing practice of entertaining suits in equity in the interest of uniformity, rather than because of any firm conviction that the equity court had jurisdiction. Cunningham v. Rennison, supra; Johnson v. Hanley, Hoye Co., supra. In view of this state of the authorities, I am not prepared to deny to a trustee in bankruptcy a right to bring an action, if he elects so to do, on the law side of the court, at least until some higher authority has passed upon that right.

Defendant's motion to dismiss is denied.