GEORGE E. BEAKES et al., Respondents, v. LUIZ A. DaCUNHA,
as Executor, etc., Appellant.

Plaintiffs, as copartners, were dealers in milk in Delaware county, under
the name of one of them, plaintiff B.; K.; a retail dealer, had been
selling plaintiffs' milk; they required him, in order to continue such
dealings, to procure a guaranty from G., defendant's testator, who lived
in New York city and who knew of plaintiffs' copartnership, and that
K. had been receiving milk from them. G. thereupon executed an
instrument addressed to B., in which he agreed to become responsible
for all the milk sent to K. on his order, and required a notice on the
twentieth of each month if payment for the previous month's milk had
not been made by that time. In reliance upon this, large quantities of
milk were shipped to K. Notices, as required by the contract, were
sent to G. by mail on the twentieth of each month, and he received
them without objection. In an action upon the guaranty, held, that
plaintiffs as copartners could, under the circumstances, avail themselves
of the guaranty; that the notices required by it were properly served by
mail; that the guaranty being a continuing one, intended to secure
credit which was given on the faith of it, there was abundant considera-
tion to uphold it; and so, that plaintiffs were entitled to recover.

Barnes v. Barrow (61 N. Y. 39), distinguished.

Upon the trial, K., who was not a party to this action, was called as a
witness by plaintiffs, and testified as to conversations he had had with
G. This was objected to as incompetent under the Code of Civil Pro-
cedure (§ 829); the objection was overruled. Held, no error; that K.
was in no way interested in the action, as the result did not affect his
liability.

Upon the examination of B., as a witness in his own behalf, he was asked
if it had been his custom to be at home on the twentieth of every month.
This was objected to by defendants as immaterial and irrelevant, and
the objection was overruled. Held, no error.

(Argued March 20, 1891; decided April 14, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made December 29, 1890, which affirmed a judgment in favor
of plaintiffs, entered upon the report of a referee and affirmed
an order denying a motion for a new trial.

This was an action upon a guaranty.

In November, 1886, the plaintiffs, as copartners, were deal-
ers in milk in Delaware county, under the name of George E.

Beakes. Chester L. Ketcham was a retail dealer in milk in the city of New York, who had been dealing in plaintiffs' milk. Desiring to continue his dealings with the plaintiffs, they required him to procure from his father-in-law, Charles Gedney, a guaranty, and thereafter he procured Mr. Gedney to execute and deliver to plaintiffs the following instrument:

"NEW YORK, *November* 30, 1886.
"GEORGE E. BEAKES, Esq.:

"I hereby agree to become responsible for all the milk you may send to Chester L. Ketcham on his order, and I require of you a notice on the 20th of each month if payment for the previous month's milk has not been made by that time.
"CHARLES GEDNEY."

In reliance upon this guaranty the plaintiffs shipped a large quantity of milk to Ketcham in the city of New York during the remainder of the year 1886 and the year 1887, and at the end of the latter year there was due from Ketcham to the plaintiffs on account of the milk so shipped, $2,240.24, being the balance unpaid for milk delivered to him during the months of October, November and December, 1887. Notice on the 20th of each month that payment of the previous deliveries of milk had not been made was mailed by plaintiff directed to the defendant at his address in New York city. Gedney died on the 30th day of December, 1887, leaving a last will and testament in which the defendant was named executor. The will was admitted to probate and letters testamentary thereon were issued to the defendant, and the plaintiffs having presented to him as such executor a claim for the balance due for the milk, and the claim having been disputed by the defendant, it was by agreement of the parties, and with the approval of the surrogate, referred to a referee and tried before him. He reported in favor of the plaintiffs for the amount claimed. The defendant upon a case made and settled moved at a Special Term that the report be vacated and set aside, and the plaintiffs moved for the confirmation thereof. The report was confirmed and judgment entered thereon.

*E. P. Benn* for appellant. There was no consideration for the guaranty. The act of 1863 (Chap. 464)dispenses with the necessity of expressing the consideration for the guaranty in the writing, but it does not dispense with the necessity for a consideration in fact, nor dispense with proof of it, and the burden of proving such consideration is on the plaintiff. (*E. Bank* v. *Kaufman*, 93 N. Y. 273, 278, 279, 289; *E. C. S. Bank* v. *Coit*, 104 id. 532.) The guaranty was to George E. Beakes and is not available to anyone else, or to a firm of which he was a member. (*Barnes* v. *Barrow*, 61 N. Y. 39; *E. Bank* v. *Kaufman*, 93 id. 273; *Drake* v. *Seaman*, 97 id. 230; *Stone* v. *Browning*, 68 id. 598; *Wright* v. *Weeks*, 25 id. 153; *Fellows* v. *Prentiss*, 3 Den. 521; *N. B. Association* v. *Conkling*, 90 N. Y. 116; *Ludlow* v. *Seward*, 2 Caine's Cas. 1; *McClusky* v. *Cromwell*, 11 N. Y. 593.) Every condition of a guaranty must be strictly complied with, or the guarantor is not liable. (*Wylde* v. *N. R. R. Co.*, 53 N. Y. 156; *Schwier* v. *N. Y. & H. R. R. Co.*, 90 id. 564; *People* v. *Hover*, 92 id. 559, 560.) The referee erred in overruling the defendant's objections to the question put to George E. Beakes by his counsel: "Will you state whether or not it has been your custom to be at home on the twentieth of every month?" (*Beply* v. *E. Ins. Co.*, 30 N. Y. 160; *Baird* v. *Gillett*, 47 id. 187.) The defendant's counsel moved to strike out all that testimony on the ground that it was incompetent under section 829 of the Code, and it being incompetent that motion should have been granted. (*Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 356.)

*Richard L. Sweezy* for respondent. Parol evidence showing that the guaranty was taken in the course of the firm business, or was intended for the benefit of the firm, was competent. (*Dykers* v. *Townsend*, 24 N. Y. 51; *Moody* v. *Smith*, 70 id. 598; *A. Co.* v. *Mayor, etc.*, 55 id. 496.) The guaranty is no exception to the general rule that courts regard the substance and not the mere form of the transaction. (*C. N. Bank* v. *Phelps*, 97 N. Y. 44; *Stillman* v. *Northrup*, 109 id. 480; *Schwartz* v. *Hyman*, 107 id. 562.) Notices

mailed to decedent in accordance with his verbal directions were sufficient. (*Reed* v. *St. John*, 2 Daly, 213; *Douglas* v. *Howland*, 24 Wend. 49; *U. Bank* v. *Coster*, 3 N. Y. 213; *Barheit* v. *Ellis*, 45 id. 107.) There is no ground for the objection that the guaranty was void for want of a consideration; the guaranty was plainly a continuing one, and the consideration thereof sales to, be made to the son-in-law on the faith thereof. (*Church* v. *Brown*, 21 N. Y. 315; *C. N. Bank* v. *Phelps*, 86 id. 484; *Rector* v. *Teed*, 120 id. 583.) The objection that the claim, as originally presented to the executors, was in the name of George E. Beakes only, and was verified by him in form as if it was his individual claim is untenable. (*Secor* v. *Keller*, 4 Duer, 416; *Clark* v. *Miller*, 4 Wend. 628.)

EARL, J. The written guaranty, upon its face, appears to be for the benefit of George E. Beakes individually, and not for the benefit of any firm, and hence the defendant claims that the plaintiffs, as copartners, cannot have the benefit of the guaranty, and his counsel relies upon the case of *Barnes* v. *Barrow* (61 N. Y. 39). But this case is clearly distinguishable from that. There was evidence sufficient, although quite slight, to show that the defendant's testator, at the time he executed the guaranty, knew that the plaintiffs were copartners doing business under the firm name of George E. Beakes, and that he intended that the guaranty should be for their benefit. He knew that the milk which Ketcham had been receiving came from Sidney Centre, Delaware county, and that that which he intended to receive after the execution of the guaranty was to come from the same place, and the guaranty was intended to cover that milk by whomsoever shipped. The business was carried on in the name of George E. Beakes, and the guaranty was intended for that business and to secure the payment of the milk shipped in that business to Ketcham. We cannot disturb the finding of fact upon this point in favor of the plaintiffs, and must, therefore, hold that the guaranty is available to them.

It is further claimed on the part of the defendant that the

notice required by the written guaranty to be given on the twentieth of each month was not in fact given. Where any statute or the terms of any contract require notice to be given, and there is nothing in the context of the statute or the contract, or in the circumstances of the case, to show that any other notice was intended, a personal notice must always be given. But the context or the circumstances of the case may be such as to show that a personal notice was not intended, and in such a case a notice by mail, which is the ordinary mode of giving notices in business transactions, is authorized. Here Gedney lived in the city of New York, and this business was transacted in Delaware county where the manager of the business resided, and it cannot be supposed that the parties had in contemplation a personal notice, to be served in the city of New York on the twentieth of each month, of any default in the payment for the previous month's milk. The exigencies of the case were not such as to require such a notice, and it cannot be supposed that the parties intended it. A notice by mail would accomplish all the purposes which the guarantor had in mind in requiring it, and the acts of the parties show that they understood that was the kind of notice to be given. The evidence tends to show and authorizes the finding that the notices by mail were given, as required by the guaranty, on the twentieth of each month, and that Gedney received them, making no complaint at any time that they were sent to him by mail, or that he did not promptly receive them, or that he was entitled to personal notice. Taking the circumstances of the case into consideration, and the conduct of the parties, it is quite clear that the notice by mail was such as all the parties contemplated and intended at the time the guaranty was executed.

The further claim is made on the part of the defendant that the guaranty is not upheld by any sufficient consideration. Previous to the execution of the guaranty, Ketcham had been receiving plaintiffs' milk through the Milk Exchange — some sort of a corporation or association existing in the city of New York. It is inferable that Ketcham desired to engage in deal-

ings directly with the plaintiffs, and that he procured the guaranty in order that he might have future credit with them. This was a continuing guaranty intended to secure credit to Ketcham, and on the faith thereof the plaintiffs shipped milk to him and gave him credit, and thus, under all the authorities, there is abundant consideration to uphold the guaranty. (*Church* v. *Brown*, 21 N. Y. 315; *City National Bank* v. *Phelps*, 86 id. 484; *Rector, etc.*, v. *Teed*, 120 id. 583.)

Ketcham was called as a witness on the part of the plaintiffs, and he gave evidence of conversations which he had had with the testator, and the defendant objected that he was not a competent witness to prove such conversations. He was not a party to this action, nor was he interested in any way therein. There is no dispute about his liability to the plaintiffs, and if the defendant should be compelled to pay this judgment, his liability would then be transferred from the plaintiffs to the defendant, and would be no less than it was before. He could not, therefore, be excluded as a witness under section 829 of the Code.

During the progress of the trial various exceptions were taken, on the part of the defendant, to the rulings of the referee upon questions of evidence. We have carefully scrutinized them all and do not think any of them point out material error. We will notice but one. While George E. Beakes was testifying as a witness on the part of the plaintiffs, for the purpose of showing that he had mailed notices as required by the guaranty to Gedney on the twentieth of each month, he was asked this question: "Will you state whether or not it has been your custom to be at home on the twentieth of every month?" This was objected to on the part of the defendant as immaterial and irrelevant, and the objection was overruled. The precise form of the question is undoubtedly open to criticism, but the meaning of the question is quite apparent. What the plaintiffs were seeking to learn by this inquiry was whether he made it a rule, or made it his business, to be at home on the twentieth of every month for the purpose of transacting the business required to be done at that time, and such an inquiry was certainly unobjectionable.

The very satisfactory opinions delivered by the referee and at General Term, render it unnecessary that more should be. written now.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.