STEINHARDT et al. v. BINGHAM et al.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

SALES—CONTRACT—CONDITIONS PRECEDENT—NOTICE OF SHIPMENT—MAILING NOTICE—SUFFICIENCY.

Where sellers of grain lived in New Orleans, and the purchasers lived in New York, and under the contract of sale the grain was to be shipped during two months from any Atlantic or Gulf port, at the seller's option, a requirement of such contract that the sellers should furnish to the buyers the steamer's name, and quantity loaded, within five days of the date of the bill of lading, was sufficiently complied with by a notice containing such information mailed within three days of the date of the bill of lading, though such notice was not received by the purchasers within such five days, since the residence of the parties and nature of

the business indicate that notice by mail was contemplated, and such notice, mailed within five days, was furnishing the information in such time, within the fair meaning of the contract.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action for breach of contract by Emanuel Steinhardt and another against David Bingham and another. From a judgment in favor of defendants, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Alexander Blumenstiel, for appellants.

Robert W. Hawkesworth, for respondents.

HATCH, J. The plaintiffs and defendants entered into two contracts for the future purchase and sale of 15,000 quarters No. 2 corn. By the terms of said contracts, said corn was to be shipped during the months of March and/or April, 1897, from any Atlantic or Gulf port, by first-class steamer; and said contracts contain the following clauses: "Sellers shall furnish to buyers steamer's name, and quantity loaded, within five days of the date of bill of lading." Payment by sellers' draft at sight on the buyers, with documents attached. Several shipments, consisting of portions of said 15,000 quarters of corn, were made and tendered by plaintiffs pursuant to the terms of the contract, and accepted by the defendants; but one shipment, per steamship Tampican, was made and tendered by the plaintiffs, and was rejected by defendants, for the stated reason that the tender was not made pursuant to the contract, because plaintiffs failed to furnish to buyers steamer's name, and quantity loaded, within five days of date of bill of lading. Plaintiffs sued for damages alleged to be caused by such rejection. The shipment in question was made on Saturday, April 24, 1897, the bill of lading for which was delivered to the plaintiffs on Monday, April 27th, late in the afternoon. On the 27th, within three days of the date of the bill of lading, plaintiffs caused notice to be sent by mail to the defendants, which furnished to them all the information required by the contract. This notice was received by the defendants on the 30th of April, the sixth day after date of bill of lading; and on that day the defendants declined, by telegraph, to accept a delivery, on the ground that plaintiffs had failed to furnish them steamer's name, and quantity loaded, within five days of date of bill of lading, and, in a letter of later date, insisted that posting a letter in New Orleans was not notice to them, until received.

The performance by plaintiffs of the provision of the contract requiring them to furnish to defendants the steamer's name, and quantity loaded, within five days of date of bill of lading, was a condition precedent to their right to recover; and the question presented by this appeal is whether the contract required personal notice, or a notice to be actually furnished or delivered to defendants within five days from the date of the bill of lading. We have examined with care the many cases cited by counsel, but find none of them in point, except that of Beakes v. Da Cunha, 126 N. Y. 297, 27 N.

E. 251. Most of the cases turn upon the question of what consti-
tutes the consummation of a contract by mail, or when notice by
mail becomes effectual. The case of Busk v. Spence, 4 Camp. 329,
quoted in Benj. Sales (7th Ed.) § 288, cited by respondent, is nearer
in point than any of the others, except the Beakes Case. In that case
the seller agreed to sell certain flax, to be shipped from St. Peters-
burg, "and, as soon as he knew the name of the vessel in which the
flax will be shipped, he is to mention it to the buyer." The vendor
received the advice on the 12th of September, in London, and did
not communicate it to the defendant, who resided in Hull, until the
20th. The vessel arrived in October, and the defendant refused to
accept the flax. Held, that this was a condition precedent, that it
had not been complied with, and that the question whether or not
the communication made eight days after receiving the information
was a compliance with the condition was one of law, not of fact.
The plaintiff was therefore nonsuited. In this case the condition was
plain and certain, and required no construction at the hands of the
court or jury. In the case at bar the contract must be construed to
determine its meaning—First, as to what kind of notice is required to
be given, and whether such notice is required to be personal or oth-
erwise; and, second, what is meant by the words "within five days
of date of bill of lading." The court below delivered no opinion,
and it is therefore impossible to determine on just what grounds
it dismissed the complaint; but one of the grounds of the motion to
dismiss was "that the five-days notice was a condition precedent,
and which it was admitted and proved was not complied with." We
are of the opinion that the dismissal of this complaint was error, for
which the judgment should be reversed. The contract we are called
upon to interpret is entirely silent as to the kind of notice to be
given. The rule of law is that where any statute or the terms of any
contract require notice to be given, and there is nothing in the con-
text of the statute or the contract or in the circumstances of the
case to show that any other notice was intended, a personal notice
must always be given. Beakes v. Da Cunha, supra. "But the con-
text or the circumstances of the case may be such as to show that
a personal notice was not intended, and in such case a notice by
mail, which is the ordinary mode of giving notices in business trans-
actions, is authorized." In this case the circumstances show that
personal notice was not intended or required. The plaintiffs live
in New Orleans, and the defendants in New York. The shipments
were to be made during March and/or April from any Atlantic or
Gulf port, at seller's option; and as said by the court in the Beakes
Case, supra, the exigencies of the case were not such as to require
personal notice to be served or given. A notice by mail would ac-
complish every purpose for which notice was required, and it can-
not be supposed that the parties intended a personal notice. Indeed,
the defendants do not contend that the contract requires personal
notice, but rest upon the proposition that the notice, to meet the
requirements of the condition in the contract, must have been re-
ceived by them within five days. We do not think this contention
warranted by the language used. It does not say so. The words

are "shall furnish * * * within five days," etc. The required information was sent by mail within the five days stipulated, and was received by the defendants on the sixth day. This we think was a furnishing of the information within five days, within the fair meaning of the contract. If the time limit had been so material as the defendants now claim, they would not have been likely to have left the question to the construction of doubtful language, but would have made the condition so definite and certain that there could be no mistake about it. While in the Beakes Case, supra, there was present acts of the parties which placed a practical interpretation upon the provisions of the contract as to notice, yet it is equally true that the reasoning of the learned judge who wrote in that case would have supported the service of the notice by mail as a sufficient compliance with the terms of the contract, had there been no acts of the parties working a practical construction. As applied to the terms of the present contract, the language of this case is appropriate and conclusive upon the construction of the same as to notice, as practically the same conditions existed with respect to residence and situation of the parties as were found present in that case. The fact that the cargo might have been shipped from the port of New York does not change the condition. The contract recites that the plaintiffs are residents of New Orleans, and its requirement was that notice would be given by them. It is therefore fair to assume that in the contemplation of the parties the notice was to come from the plaintiffs, at New Orleans. Nor is it seen how this construction of the contract could work to the disadvantage of the defendants. In ordinary course, notice given by mail within five days after the date of the bill of lading would reach the defendants before the vessel would reach her destination; and, if the defendants communicated with their principals by mail, in ordinary course the principal would not be advised of the shipment before the vessel arrived in port. If the communication was by cable, the notice would, in usual course, reach the principal before the arrival of the ship, whether the notice was given on the fifth day, or received by the defendants within that time. We think, therefore, that notice by mail sent by the plaintiffs within five days after the date of the bill of lading answered the requirements of the contract.

For these reasons, the judgment should be reversed, and a new trial granted; costs to the appellant to abide the event.

McLAUGHLIN and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. I dissent. The contract is plain and unambiguous, and was not complied with.

O'BRIEN, J., concurs with VAN BRUNT, P. J.