STEINHARDT v. BINGHAM et al.

(Supreme Court, Appellate Division, First Department. January 15, 1904.)

1. SALES—CONTRACTS—COMPLIANCE—MAILING OF NOTICE—EVIDENCE—SUFFI-
   CIENCY.
   In an action by a seller against a buyer for rejection of certain goods alleged to have been tendered pursuant to the terms of the contract, evidence examined, and *held* insufficient to show that a letter notifying defendant of the shipment was mailed by plaintiffs within five days of the date of the bill of lading, as required by the contract of sale.

Appeal from Trial Term, New York County.

Action by Emanuel Steinhardt against David Bingham and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The facts of this case appear on a former appeal under the same name. See 65 N. Y. Supp. 838. It there appeared that plaintiff and defendants had entered into two contracts for the future purchase and sale of corn, by the terms of which the corn was to be shipped during the months of March or April, 1897, from any Atlantic or Gulf port, by first-class steamer; it being provided, "Sellers shall furnish to buyers steamer's name and quantity loaded within five days from date of bill of lading." Several shipments were made under this contract, the goods being tendered by plaintiff and accepted by defendants. But one shipment was made and tendered by plaintiff, which defendants rejected for the reason that the tender was not made pursuant to the contract and because plaintiff failed to furnish to buyers steamer's name and quantity loaded within five days of bill of lading. Plaintiff sued for damages caused by such rejection.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, HATCH, O'BRIEN, and INGRAHAM, JJ.

A. Blumenstiel, for appellant.
Jacob F. Miller, for respondents.

INGRAHAM, J. When this case was before this court on the former appeal, it appeared without dispute that the plaintiff had advised the defendants in writing of the steamer's name and quantity of corn loaded within five days of date of bill of lading, by mailing a letter from New Orleans on April 27, 1897, which was a compliance with the contract, as we construed it. 53 App. Div. 286, 65 N. Y. Supp. 838. Upon this trial I do not think that there was a substantial change of the proof that would affect the construction of the contract, but the plaintiff failed to prove that he mailed the letter which furnished the information required within five days from the date of the bill of lading. The only evidence on that point was the testimony

of the witness Stratton, who was the manager of the plaintiff's grain department. He testified that he dictated a letter dated April 27, 1897, and signed it; that he inclosed the original invoices covering the shipments; that he did not know whether he mailed the letter or not; that he inclosed it in an envelope, and placed the letter, after it was inclosed in the envelope, in the mailing box in his office. The bill of lading was dated April 24, 1897, and the contract required that plaintiff should "furnish to buyers steamer's name and quantity loaded within five days from date of bill of lading." The defendants refused to accept the corn on the ground that plaintiff had not complied with this provision of the contract.

At the end of plaintiff's case, defendants moved to dismiss the complaint; one of the grounds being that there was no proof that plaintiff furnished to the defendants the steamer's name and quantity loaded within five days of date of bill of lading, and no proof of the mailing of such notice within such time. This motion was denied, and defendants excepted. One of the defendants then testified that the first notice that defendants had of the shipment was the presentation on September 30, 1897, of the draft drawn on defendants by the plaintiff for the contract price of the shipment; that defendants refused to pay the draft, and telegraphed and wrote plaintiff of such refusal, basing it upon the ground that notice of shipment had not been given as required by the contract; that he had not received the letters of April 27th on April 30th or earlier; that he did not know when it was received. A son of one of the defendants testified that he did not recollect receiving the letter of April 24th; that he thought the invoices were in the defendants' office on the 1st of May.

At the end of the case the defendants renewed the motion to dismiss upon the same ground, which motion was granted. I think that this was entirely insufficient to prove that the letter of April 27th was mailed within five days of the date of the bill of lading, and for that reason I think the plaintiff failed to show a compliance with this contract, and that the complaint was properly dismissed. The judgment should therefore be affirmed, with costs.

McLAUGHLIN and HATCH, JJ., concur. O'BRIEN, J., concurs in result.

VAN BRUNT, P. J. I concur in result only. I adhere to opinion expressed on former appeal.