(77 Misc. Rep. 643.)

### In re AMERICAN CIGAR LIGHTER CO.

(Supreme Court, Special Term, New York County.    September, 1912.)

CORPORATIONS (§ 47*)—NAMES—STATUTORY PROVISION—"COMPANY."

    Under General Corporation Law (Consol. Laws 1909, c. 23) § 6, as amended by Laws 1911, c. 638, and Laws 1912, c. 2, requiring the names of corporations to bear some additional words of prefix or affix indicating their corporate character, the application of the American Cigar Lighter Company for leave to change its name to "Electric Cigar Lighter Company" must be denied; the word "company," though used colloquially as importing "corporation," not necessarily involving that meaning in law.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 134, 135; Dec. Dig. § 47.*

    For other definitions, see Words and Phrases, vol. 3, pp. 1347–1350.]

Application by the American Cigar Lighter Company for leave to change its name.    Denied.

Briesen & Knauth, of New York City, for petitioner.

DELANY, J.    The question which is raised on this application to resettle the order heretofore made is whether the name of the applicant, a corporation, now desirous of changing its name, should comply with section 6 of the General Corporation Law, as amended by chapter 638 of the Laws of 1911 and by chapter 2 of the Laws of 1912, in form so as to bear some additional words of prefix or affix as part of its corporate name indicating that it is a corporation. The amendment requires:

"* * * Nor shall any corporation except a religious, charitable or benevolent corporation be authorized to do business in this state unless its name has such word or words, abbreviation, affix or prefix, therein or thereto, as will clearly indicate that it is a corporation as distinguished from a natural person, firm or copartnership; or unless such corporation uses with its corporate name, in this state, such an affix or prefix."

The statutes authorizing a corporation to change its name require compliance with certain prescribed conditions:

"A copy of the petition and notice of motion shall be filed with the Secretary of State, and the proposed name shall thereupon be reserved for said corporation until three weeks after the date of such motion, and until three weeks after the date of any adjournment of such motion if notice of such adjournment shall be filed with the Secretary of State, and no certificate of incorporation of a proposed corporation, having the same name as the one proposed in such petition, or a name so nearly resembling it as to be calculated to deceive, shall be filed in any office for the purpose of affecting its incorporation, and no corporation formed without the state of New York having the same name or a name so nearly resembling it as to be calculated to deceive shall be given authority to do business in this state." Gen. Corp. Law, § 62, as amended by Laws 1910, c. 396.

Section 63 of the said law, as amended by the said chapter, provides:

"The court shall make an order authorizing the petitioner to assume the name proposed."

The court could not authorize the assumption of such a name unless the law was complied with, and unless, therefore, this name proposed, "Electric Cigar Lighter Company," by the use of the word "Company" suffices to show that it is a corporation, and so complies with the statute, this application must be denied. Colloquially used, "company" imports "corporation"; but does it necessarily involve that meaning in law? I think not, for we know that such a word is frequently used by individuals and partnerships, even though subject to certain statutory requirements. The law in question is designed to cover just such instances. The right of the Legislature to prescribe the conditions under which these artificial persons shall exist is undisputed (Schwab v. E. G. Potter Co., 194 N. Y. 409, 87 N. E. 670), and a strict compliance with the statute is always required of corporations; but in addition to this consideration it may be remarked that this statute is remedial, designed to prevent deception on the public, and to make plain the nature of the concern bearing such a name, and, therefore, compliance with it should be required so as to effect the purpose intended.

My attention has been called to an opinion of the Attorney General, given to the Secretary of State for his guidance in accepting and filing certificates of incorporation, with which I would agree in an instance like the present one, if I could infer that legally and necessarily "company" imported "corporation"; but that, as I have stated, cannot be conceded. Another consideration confirming me in the view taken is that heretofore the justices sitting in Part 1, Special Term, in this department, have as a practical principle held so. I must, therefore, deny this application because the name proposed for the corporation has not as a part of it some word, abbreviation, affix, or prefix thereto which will clearly indicate that it is a corporation.

Application denied.