### J. P. DUFFY CO. v. TODEBUSH.

(Supreme Court, Appellate Term, First Department.   December 16, 1912.)

1. GUARANTY (§ 87*)—CONTRACTS—CONSTRUCTION—"COMPANY."

Plaintiff, who furnished materials to the T. Co., a corporation, under a guaranty executed by defendant for the furnishing of goods to T. & Co., may recover, even though it appeared that there was a partnership by the name of T. & Co.; the difference in names not constituting an actual variance, or requiring a departure from the rule that a contract of guaranty must be strictly construed, and cannot be varied by parol, and the use of the word "company" not necessarily implying a partnership.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 101; Dec. Dig. § 87.*

For other definitions, see Words and Phrases, vol. 2, pp. 1347–1350.]

2. GUARANTY (§ 16*)—CONTRACTS—CONSIDERATION.

Where the form of a guaranty contemplated subsequent deliveries in reliance thereon, the deliveries themselves are sufficient consideration.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 14–17; Dec. Dig. § 16.*]

Appeal from City Court of New York, Trial Term.

Action by the J. P. Duffy Company against August Todebush. From a judgment on a directed verdict for plaintiff, defendant appeals. Affirmed.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Otto A. Samuels and Joseph I. Stahl, both of New York City, for appellant.

Jeremiah J. Coughlan, of New York City, for respondent.

HOTCHKISS, J.   Plaintiff, having taken an order for building materials from A. W. Todebush Company (a corporation), refused to make delivery, except for cash or upon a guaranty of payment, whereupon defendant delivered to plaintiff a guaranty in the following form:

"June 7, 1911.

"J. P. Duffy Company, 51st Street & Second Avenue, Brooklyn, N. Y.— Gentlemen: Your firm having taken an order from A. W. Todebush & Co. for the delivery of brick, lime, plaster, etc., to their buildings on the west side 6th Av., between 73d and 74th Streets, I hereby agree to be responsible for the payment of your bills for materials delivered to this job, and if A. W. Todebush & Co. do not pay you for same within sixty days after the delivery of the material, I will pay same myself as a primary obligee.

"Aug. Todebush."

At the time of the delivery of the guaranty there was a partnership known as A. W. Todebush & Co., which latter concern had nothing to do with the construction of the building above referred to, and of the existence of which it was not shown that plaintiff had any knowledge. Thereafter the plaintiff delivered to the Todebush corporation, at the building site, the materials contracted for. Subsequently plaintiff received from the Todebush corporation, in part payment of its debt, two notes. The due date of each was within a period of 60 days subsequent to the last delivery. At the close of the case, both sides moved for the direction of a verdict, and plaintiff's motion was granted.

[1] It is well settled that a contract of guaranty must be construed strictissimi juris, and may not be varied by parol. There are numerous authorities to the effect that the rule extends to a case where it is sought to show that the guaranty was intended for parties other than those named therein. In Grant v. Naylor, 4 Cranch, 224, 2 L. Ed. 603, the guaranty was addressed to John & *Joseph* Naylor. The guaranty in part read:

"By the recommendation of Mr. Travis, I take the liberty to address you," etc.

There was no such concern as John & *Joseph* Naylor, but there was a firm of John & *Jeremiah* Naylor, of which Travis was agent, and to which firm the letter was delivered by the persons therein named as those to whom credit was to be given. Having extended credit to these persons, plaintiffs (John and *Jeremiah*) brought their action against the guarantor, but were not allowed to recover.

In McGovney v. State, 20 Ohio, 93, an executor's bond, describing the testator as James L. Finley, was held not applicable to the estate of *Joseph* L. Finley. Barns v. Barrow, 61 N. Y. 39, 19 Am. Rep. 247, and numerous other cases in the courts of this state, rest upon the same principle. I think these cases are distinguishable from the pres-

ent, for the reason that in each the difference in name was so great as to constitute a material variance.

For many years, it has been the practice of copartnerships to become incorporated under their firm name, and certainly no one would contend that the name "A. W. Todebush & Co." necessarily implied a copartnership rather than a corporation. It has been held in this district that the use of the word "Company" did not necessarily imply a corporation. In re American Cigar Lighter Co., 77 Misc. Rep. 643, 138 N. Y. Supp. 455. Since the adoption of section 6 of the General Corporation Law, the incorporation of a company bearing the name of the Todebush copartnership would have prevented the incorporation of a company under the name borne by the Todebush Company.

In Beakes v. Da Cunha, 126 N. Y. 293, 27 N: E. 251, the guaranty ran to George E: Beakes. There was an individual by the name of George E. Beakes, and also a partnership doing business under the *same* name, and the court held it competent for plaintiff to identify the actual creditor intended to be covered by the guaranty, by showing that credit was extended to the partnership, and not to the individual. Although no specific reference was made thereto in its opinion, the rule of law invoked by the court was evidently that which permits parol evidence to explain a written instrument in case of latent ambiguity. As Chief Justice Marshall said in Grant v. Naylor, supra, 4 Cranch, 235, 2 L. Ed. 603:

"It is not a latent ambiguity, for there are not *two* firms of the name of John & Joseph Naylor & Co., to either of which this letter might have been delivered."

In Drummond v. Prestman, 12 Wheat. 515, 6 L. Ed. 712, the guaranty was addressed to Charles Drummond, and covered "property of yours and *your brothers*" in the hands of the debtor. It was held that the guaranty could be availed of by a partnership composed of Charles Drummond and Richard Drummond, his brother; it being proved that credit was extended to the copartnership. In Michigan State Bank v. Peck, 28 Vt. 200, 65 Am. Dec. 234, a guaranty running to "C. C. Trobridge, President," was enforced by the corporation of which he was president, and which had extended the credit.

Unquestionably, had the name of the corporation been A. W. Todebush *&* Co., the plaintiff might have shown that credit was actually extended to the corporation, and not to the partnership. Does the inclusion of the word "and" in the name used in the guaranty to describe the creditor for whose benefit the guaranty was intended work such a change as necessarily to describe a concern other than the corporation? I think not. There was no variance in the sense of material difference, and I regard the two names, although not strictly idem sonans, as practically the same, and that, under the rule above referred to, it was competent for plaintiff to show that credit was extended to the corporation and not to the copartnership.

[2] There is nothing in the point that the guaranty should be construed as limited to merchandise delivered before its date. Its form contemplates subsequent deliveries on the faith of the guaranty. The subsequent deliveries, also, were sufficient consideration for the guar-

anty. The notes received by plaintiff were within the terms of credit expressly allowed.

The judgment should be affirmed, with costs.

PAGE, J., concurs.

LEHMAN, J. (concurring): The defendant signed a guaranty, and the only serious question in the case is whether the sale and delivery of the goods to A. W. Todebush Company comes within the meaning of the words used in the written guaranty. A guaranty must, under the Statute of Frauds, be in writing, and the transaction which it is claimed comes within the writing must come, not only within the intent of the parties, but within a fair interpretation of the written words. The courts will not extend the clear meaning of the words by implication, nor will they hold that a transaction comes within the meaning of the words when the parties have, even by mistake, used words which do not describe the transaction. The courts cannot, by implication, construction, or by reason of mistake, include within the terms of a written guaranty any transaction which does not strictly come within the meaning of the written words. The courts do not hold, however, that because a written guaranty cannot be enlarged by parol evidence, but must be strictly construed, they have no right to consider in the interpretation of the written guaranty surrounding circumstances, or that they are not bound to construe a written contract like other contracts, so as to give effect to the intention of the parties. On the contrary, the Court of Appeals in the case of People v. Backus, 117 N. Y. 196, 22 N. E. 759, has clearly laid down the rule as follows:

"No citation of authorities is needed to show that the contracts of sureties are to be construed like other contracts, so as to give effect to the intention of the parties. In ascertaining that intention, we are to read the language used by the parties in the light of the circumstances surrounding the execution of the instrument, and when we have thus ascertained their meaning we are to give it effect. But when the meaning of the language used has been thus ascertained, the responsibility of the surety is not to be extended or enlarged by implication ·or construction, and is strictissimi juris."

In other words, when the courts must determine whether a given transaction comes within a written guaranty, they must first, by the application of the usual canons of construction, determine the meaning of the words used. If, under a fair construction of these words, the transaction is covered by the words used, then the transaction falls within the guaranty; if, under a fair construction, the words themselves do not cover the transaction, the courts cannot hold that it falls within the written guaranty, merely because the parties had intended to use words sufficient to cover the transaction.

The defendant has cited many cases which show that the courts will not hold that a transaction comes within a written guaranty, merely because the parties intended the guaranty to cover the transaction, if they did not use apt words to indicate their intention; but they cite no case which holds that a guaranty is not enforceable where the plain meaning of the words used in view of the surrounding circumstances

describes the transaction intended to be covered by the guaranty, even though that description is not entirely accurate. In the case of Grant v. Naylor, 4 Cranch, 224, 2 L. Ed. 603, the Supreme Court of the United States held that a written guaranty made to John & Joseph Naylor could not be enforced by John & Jeremiah Naylor. In that case it was clearly shown that the name of "Joseph" was used by mistake; nevertheless, since the actual name used was not applicable to Jeremiah Naylor, the guaranty could not be enforced by him, since the court could not make a new written contract for the parties, nor enforce the actual contract made in favor of a person not therein described. In McGovney v. State, 20 Ohio, 93, the defendant made a bond conditioned upon the faithful performance of their duties by executors of James L. Finley. It was shown that the name James L. Finley was used by mistake for the name Joseph L. Finley; but, though the parties undoubtedly intended that the defendant should be responsible for the acts of the executors of Joseph L. Finley, they failed to state that fact, and the court would not enforce the bond, without making a new written contract different from the one signed by the defendant.

In other cases cited the defendants had signed guaranties of a joint debt of several parties, and the plaintiff tried to extend the guaranty by implication to cover debts of individuals. In other cases the guaranty was made to several parties jointly, and one of the parties attempted to enforce it as a guaranty of a debt incurred to himself individually. In still other cases the guaranty ran to a definite party, and other parties claimed the benefit of the guaranty. These cases merely show that the courts will not, by implication, extend the clear meaning of the words, or enforce a guaranty as if it covered a transaction, merely because the parties intended that it should cover the transaction. The intent of the parties in using the words of the guaranty is not the decisive point in construing these contracts, for the courts can enforce only a written guaranty, and they must look to the words of the writing to determine whether the writing covers the transaction. One point to be decided in all these cases is what the words themselves mean, when fairly interpreted in view of the surrounding circumstances.

In this case we have the fact that, while the guaranty states that it covers transactions with A. W. Todebush & Co., as a matter of fact the transactions were with A. W. Todebush Company. The description is, therefore, on that point inaccurate. The transaction is, however, further described as an order for the delivery of brick, lime, plaster, etc., to the building of A. W. Todebush & Co. between Seventy-Third and Seventy-Fourth streets, and covers all "material delivered to this job." No firm of A. W. Todebush & Co. gave any order for materials to be delivered at these houses, or had any connection therewith; but A. W. Todebush Company did give an order to plaintiff for these materials and did receive them. Under these circumstances, in spite of the inaccuracy in the use of the name of A. W. Todebush & Co., instead of A. W. Todebush Company, I think that the written words of the guaranty themselves sufficiently describe the transaction with-

out possibility of mistake. In enforcing the guaranty, therefore, as one covering a transaction with A. W. Todebush Company, we are merely enforcing the guaranty according to the fair meaning of the words used, and are not extending those words to cover a transaction not described, but merely intended to be described, in the written instrument.

Judgment should therefore be affirmed, with costs.