### J. P. DUFFY CO. v. TODEBUSH.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. EVIDENCE (§ 459*)—PAROL EVIDENCE TO VARY WRITING—GUARANTY.

Where defendant in writing guaranteed bills for material delivered to "A. W. Todebush & Co.," when the material was in fact delivered to "A. W. Todebush Company," a corporation, both concerns being in existence, the written guaranty was not ambiguous, and extraneous evidence of the intention of the parties in view of the surrounding circumstances was not admissible to extend the guaranty so as to apply to the "A. W. Todebush Company."

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1722, 1906–1910, 2109–2114; Dec. Dig. § 459.*]

2. PRINCIPAL AND SURETY (§ 59*)—CONTRACT—CONSTRUCTION.

In the construction of the language of a contract of suretyship, the usual rules of construction are to be observed, and it is to be interpreted like any other paper.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½; Dec. Dig. § 59.*]

Laughlin, J., dissenting.

Appeal from Appellate Term, First Department.

Action by the J. P. Duffy Company against August Todebush. From a determination of the Appellate Term affirming a judgment of the City Court in favor of plaintiff, defendant appeals. Judgment reversed, and complaint dismissed.

See, also, 141 N. Y. Supp. 1125.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, and DOWLING, JJ.

Otto A. Samuels, of New York City, for appellant.
Jeremiah J. Coughlan, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. The action is upon a written guaranty, reading as follows:

"June 7th, 1911.

"J. P. Duffy Company, 51st St., 2nd Ave., Brooklyn, N. Y.

"Gentlemen: Your firm having taken an order from A. W. Todebush & Co. for the delivery of brick, lime, plaster, etc., to their buildings on the west side 6th Av. between 73rd and 74th Streets, I hereby agree to be responsible for the payment of your bills for material delivered to this job and if A. W. Todebush & Co., do not pay you for same within sixty days after the delivery of material, I will pay same myself as a primary obligee.

"[Signed]  Aug. Todebush."

[1] At the time this guaranty was given there was in existence a copartnership under the name of "A. W. Todebush & Co." (the name used in the guaranty), and also a corporation known as "A. W. Todebush Company." It was the latter which was engaged in erecting the buildings and purchasing the materials referred to in the guaranty. The copartnership was not concerned in the building enterprise, and doubtless the plaintiff believed and understood that the guaranty extended to the corporation. It is very probable, also, that the guarantor supposed that he was guaranteeing the corporation. The question is whether a guaranty can, under these circumstances, be extended by extraneous proof as to the intention of the parties to it, or by the presumption arising from the surrounding circumstances, so as to apply to a different person from that named in the guaranty itself. We think not. The leading case in this country is Grant v. Naylor, 4 Cranch. 224, 2 L. Ed. 603. In that case the defendant had given a written guaranty in the form of a letter addressed to John and Joseph Naylor at Wakefield, in which the writer guaranteed any arrangement that his son Alexander might enter into with the firm. Suit was brought upon this guaranty by the firm of John and Jeremiah Naylor. It was proved that there was no firm at Wakefield trading under the name of John and Joseph Naylor, and there was other evidence which strongly indicated that the letter was intended to be addressed to John and Jeremiah Naylor. The Supreme Court of the United States held, in an opinion written by Chief Justice Marshall, that extrinsic evidence could not be received to show that the guaranty was intended to cover a firm other than the one named therein. The court said:

"That the letter was really designed for John and Jeremiah Naylor cannot be doubted, but the principles which require that a promise to pay the debt of another shall be in writing, and which will not permit a written contract to be explained by parol testimony, originated in a general and a wise policy, which this court cannot relax so far as to except from its operation cases within its principle."

In McGovney v. State, 20 Ohio, 93, defendants were sued as sureties upon the bond of Joseph L. Findlay, deceased. The bond, however, recited that it was given to secure the faithful performance of their duties by the executors of James L. Findlay, deceased. Findlay and Paterson were the executors of Joseph L. Findlay, but not of James L. Findlay, and there could be no doubt that the intention had been to give security for the performance of their duty with respect

to the estate of which they were executors. It was held, however, that extrinsic evidence could not be considered to change the plain terms of the bond. These cases are but illustrative of the rule generally applied to cases like the present, of which there are many instances in the books. See Barns v. Barrow, 61 N. Y. 39, 19 Am. Rep. 247, and cases cited.

[2] The present case is clearly distinguishable from those in which there is an ambiguity upon the face of the instrument. Beakes v. Da Cunha, 126 N. Y. 293, 27 N. E. 251; Powers v. Clarke, 127 N. Y. 417, 28 N. E. 402. It is quite true, as remarked in Gamble. v. Cuneo, 21 App. Div. 413, 47 N. Y. Supp. 548, that:

"Where the question is as to the meaning of the language of the contract, there is no difference · between the contract of the surety and that of anybody else. In the case of a surety, as in the case of anybody else, when it becomes necessary to construe the contract, the usual rules are to be observed, and it is to be interpreted like any other paper."

In the case at bar, however, there is no room for construction or interpretation. The guaranty is perfectly clear and plain as it stands. It undertakes to guarantee A. W. Todebush & Co. To so read it as to turn it into a guaranty of A. W. Todebush Company would be, not to construe it, but to change its tenor. This cannot be done.

It follows that the determination of the Appellate Term and the judgment of the City Court must be reversed, and the complaint dismissed, with costs to appellant in all courts.

INGRAHAM, P. J., and DOWLING, J., concur. LAUGHLIN, J., dissents.