## J. P. Duffy Company, Appellant, *v.* August W. Todebush, Respondent.

*Guaranty* — when guaranty of payment of debt of copartnership not a guaranty of debt of a corporation with similar name.

Plaintiff required a guaranty of payment from the *A. W. T. Co.*, a *corporation*, for materials to be furnished it. Defendant guaranteed payment for bills of *A. W. T. & Co.*, which was the name of a partnership which had no interest in the transaction. It does not appear that defendant knew that plaintiff was dealing with the corporation or that he intended to guarantee its debt. *Held*, that plaintiff could not recover from the guarantor for the default of the corporation.

*Duffy Co.* v. *Todebush*, 157 App. Div. 688, affirmed.

(Submitted October 12, 1915; decided November 23, 1915.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 19, 1913, which reversed a determination of the Appellate Term modifying and affirming as modified a judgment of the City Court of the city of New York in favor of plaintiff entered upon a verdict directed by the court and directed a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph N. Tuttle* and *Jeremiah J. Coughlan* for appellant. The guaranty covers deliveries to A. W. Todebush Company at the job named therein. (*Gates* v. *McKee*, 13 N. Y. 231; *Gillette* v. *Bank of America*, 160 N. Y. 549; *People* v. *Backus*, 117 N. Y. 196.)

*Otto A. Samuels* for respondent. No materials having been delivered to the partnership, defendant cannot be held liable on his guaranty, and parol evidence was improperly received to prove that the guaranty for the benefit of A. W. Todebush & Co., a partnership, was

intended for A. W. Todebush Company, a corporation. (*Grant* v. *Naylor*, 4 Cranch, 224; *Crane Co.* v. *Specht*, 39 Neb. 123; *Cunningham* v. *Wrenn*, 23 Ill. 64; *McGovney* v. *State*, 20 Ohio, 93; *Brewster* v. *Silence*, 8 N. Y. 207; *Penoyer* v. *Watson*, 16 Johns. 100; *Mayer* v. *Cook*, 26 Misc. Rep..774; *Barnes* v. *Barrow*, 61 N. Y. 39; *Robbins* v. *Bingham*, 4 Johns. 476; *Jackson* v. *Hart*, 12 Johns. 77; *Jackson* v. *Lawton*, 10 Johns. 26; *Walsh* v. *Bailie*, 10 Johns. 180.)

POUND, J. A. W. Todebush Company, a corporation, contracted with plaintiff for building materials to be delivered at buildings owned by it. Plaintiff refused to deliver except for cash or a guaranty of payment. Defendant thereupon signed and delivered the following:

"*June 7, 1911.*
" J. P. DUFFY COMPANY,
" 51st Street & Second Avenue, Brooklyn, N. Y.:
" GENTLEMEN.— Your firm having taken an order from *A. W. Todebush & Co.* for the delivery of brick, lime, plaster, etc., to their buildings on the west side 6th Ave., between 73rd and 74th Streets, I hereby agree to be responsible for the payment of your bills for materials delivered to this job, and if *A. W. Todebush & Co.* do not pay you for the same within sixty days after the delivery of the material, I will pay same myself as a primary obligee.

" AUG. TODEBUSH."

*A. W. Todebush & Co.* was a partnership which had no interest in the buildings referred to. Defendant was connected with neither the corporation nor the partnership, but his son, August W. Todebush, Jr., was a member of the partnership and was also the president of the corporation.

The action is brought on the guaranty to recover a balance due for building materials delivered to the cor-

poration. The complaint alleges that "by the words '*A. W. Todebush & Co.*' in said instrument, both plaintiff and defendant referred to and meant '*A. W. Todebush Company.*'" The answer denies this allegation and the only evidence tending in the slightest degree to show that defendant intended to guarantee the debt.of the corporation rather than a possible debt of the partnership was given by the son, August W. Todebush, Jr., who testified over objection that the corporation owned and was putting up the buildings and that the partnership was doing no work on the job. He does not testify that his father, the defendant, knew that plaintiff was dealing with the corporation. The Appellate Term (139 N. Y. Supp. 112) on this evidence enforced the guaranty as one which by the intention of the parties covered a transaction with *A. W. Todebush Company.* The Appellate Division (157 App. Div. 688) held that the letter of the guaranty could not be extended so as to apply to the corporation by extraneous proof as to the intention of the parties to it or by presumptions arising from surrounding circumstances.

The weakness of the plaintiff's case as here presented depends primarily, not upon the proper application of the rule against changing the plain terms of written guaranties by extrinsic evidence of intention or surrounding circumstances, but upon a total failure of proof, competent or incompetent, from which it could be inferred that defendant knew that plaintiff's contract was with *A. W. Todebush Company* and not with *A. W. Todebush & Co.*, or that he intended to guarantee a debt of the corporation and not of the partnership.

If it had appeared that plaintiff was prepared to establish, directly or inferentially, that defendant understood that he was promising to pay the debt of the corporation, it would then be necessary to decide whether or not such evidence was competent under the rule laid down in *Grant* v. *Naylor* (4 Cranch, 224) and like cases, but

plaintiff was given every opportunity to make such proof in the trial court and it made no effort to connect the defendant even in intent with the debt sued on.

The judgment of the Appellate Division should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO and SEABURY, JJ., concur.

Judgment affirmed.