ELFRIEDE L. BARDEN, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

First Department, January 18, 1918.

Carriers — negligence — contributory negligence — liability of railroad company for loss of jewelry left by passenger in dining car — evidence — presumption as to commission of crime — appeal — when exception to erroneous charge not necessary.

In an action by a passenger of defendant railroad company to recover for the loss of jewelry valued at about $1,200, claimed by her to have been tied in a handkerchief and left in the defendant's dining car upon the table, evidence examined; and *held,* insufficient to establish proof of theft, or negligence of the defendant, rendering it liable for the loss.

No one is presumed to have committed a crime; the presumption is otherwise.

Whether or not the plaintiff was guilty of contributory negligence in leaving her jewelry tied in a handkerchief upon the table in the defendant's dining car was a proper question for the jury.

An exception is not necessary when the court has charged on an entirely erroneous theory.

APPEAL by the defendant, The New York Central Railroad Company, from an order and determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of May, 1917, affirming a judgment of the City Court of the City of New York entered upon the verdict of a jury, and also affirming an order denying defendant's motion for a new trial.

*William Mann* of counsel [*Martin Gilligan* with him on the brief], *Alex. S. Lyman,* attorney, for the appellant.

*Ralph M. Frink,* for the respondent.

SMITH, J.:

The plaintiff was riding upon one of the defendant's trains. She says that she put some jewelry of the value of about $1,200 in a handkerchief and tied up the handkerchief. She then went into the defendant's dining car and while there put the handkerchief with the jewelry inclosed upon the dining table. She previously had it in a mesh bag but had taken it out of the mesh bag apparently in order to use the handkerchief, although it contained these diamonds. She swears that when she left the dining table she left this handkerchief with these diamonds inclosed upon the table, having thrown the napkin over it without noticing it. In about twenty minutes she discovered her loss and came back. She claims to have shown that no one else could have come near this table or taken these diamonds except the defendant's servants and, therefore, theft was shown on their part, and that, as well as defendant's negligence, is the basis of her recovery.

There is no sufficient proof of theft. No man is presumed to have committed a crime — the presumption is otherwise. Even if there be some evidence of defendant's negligence, it is very slight and I doubt if there be enough here to charge defendant with the loss of the diamonds. It is not at all

impossible that she may have taken the handkerchief back with her into the other car and lost it on the way, or dropped it, or that the handkerchief may have been taken by the woman companion even after she got back into the other car. The plaintiff's only cause of action here is for negligence, and I am unable to see why the contributory negligence of the plaintiff is not a complete defense, if not as matter of law, certainly shown by the great weight of the evidence. The jury might say that it was contributory negligence on her part to place a handkerchief containing $1,200 worth of jewelry on the table and leave it in the dining car upon returning therefrom. It is true that the court charged that there was no question of contributory negligence and the defendant's counsel did not take an exception thereto; but an exception is not necessary when the defendant has been charged on an entirely erroneous theory.

In the case of *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.* (202 N. Y. 363) a woman was traveling to another place to attend a reception. She allowed the trainmen to take her suitcase off the train, and when the suitcase was handed back to her it is claimed that about $1,500 worth of diamonds had been taken therefrom. Plaintiff recovered. In that case there was no evidence whatever presented on the part of the defendant as to the exercise of care, and no witnesses were sworn for the defendant. In this case the defendant apparently did all that it could to find this jewelry but was unable to do so. The Court of Appeals in the *Hasbrouck* case said that the question of contributory negligence did not enter into that case because that was a case of bailment where the suitcase had been intrusted to the servant of the defendant. There is here no case of bailment, and no reason appears why contributory negligence is not a defense to this action.

The determination appealed from and the judgment and order should be reversed and a new trial granted, with costs in all courts to appellant to abide the event of the action.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Determination, judgment and order reversed, new trial ordered, costs to appellant to abide event.