TOMMASO GIORDANO, Landlord, Respondent, *v*. MORRIS
ZAP and another, Tenants, Appellants.

(Supreme Court, Appellate Term, First Department, June, 1921.)

**Landlord and tenant — notice of renewal under terms of lease —
landlord in foreign country — summary proceedings.**

> A lease containing an option of renewal providing the tenant
> ninety days previous to December 1, 1920, when the lease would
> by its term expire, gave notice of his desire to procure the new
> lease, was assigned by consent of the landlord and said assignees
> on August 16, 1920, by a postpaid letter which though directed
> to the landlord at a wrong address he did not deny having
> received, elected to renew the lease. The landlord, for forty-
> five days more than ninety days next preceding the expiration
> of the original lease, was in a foreign land. *Held,* that a final
> order in summary proceedings against the assignees of the
> lease as holdovers will be reversed and a new trial granted.

APPEAL by tenants from a final order of the Munici-
pal Court of the city of New York, borough of The
Bronx, first district, in favor of the landlord, after a
trial by a judge without a jury.

Maxwell Cohen, for appellant.

Charles P. Hallock, for respondent.

BIJUR, J. The tenants as assignees of a lease, which
by its terms expired December 1, 1920, of premises
used for business purposes, have been dispossessed as
hold-overs. The assignment was consented to by the
landlord. The lease contained the provision: " The
tenant is hereby given an option of a lease upon said
premises for an additional term of five years at the
expiration of the term of this lease at the rental of
$125 per month to contain covenants and agreements
the same as this lease except as to the amount of rent

and the term provided the tenant shall give the landlord 90 days notice in writing previous to the expiration of this lease of his desire to procure such new lease.''

It was proved without objection that the landlord was in Italy from the middle of July until after December 1, 1920. Tenants' counsel testified that on August 16, 1920, he wrote and mailed to the landlord a letter reading.: '' Please take notice that my clients Messrs. Zap & Harnik, tenants of your premises on 180th street and Honeywell Avenue, Bronx, hereby elect to renew the lease dated November 1st, 1915 wherein Tillie Feldman is tenant, and said lease assigned to my clients on January 6th, 1920, pursuant to the option contained in lease.''

This letter was directed to 783 East One Hundred and Eightieth street. The landlord's address appears to have been 864 East One Hundred and Eightieth street. The tenant's attorney testified, however, that the imprint of his name and office address was on the envelope and that the same was not returned to him by the postoffice although full postage had been affixed thereto. The landlord did not even deny the receipt of the letter.

As I understand the respondent's position on this appeal, it is that under the provisions of the lease, and upon the authority of *Beakes* v. *Da Cunha,* 126 N. Y. 293, 297, the only notice available to the tenants is personal notice. The general ruling to that effect to be found in the *Beakes* and similar cases, must be accepted as established, unless of course a difference in the provisions requiring the notice or the circumstances of the case exhibit a different intention. It is not important to determine whether the act of the landlord in leaving this country for Italy and remaining absent for a period forty-five days greater than

the ninety days preceding the expiration of the term, is. to be regarded as an interpretation of the lease to the effect that a written notice in ordinary course would satisfy this requirement or as a waiver of the requirement of personal notice. In any event, it is clear that the landlord could not have anticipated that under the circumstances the tenants must discover his whereabouts in Italy in order to give him the notice required.

Final order reversed and a new trial granted, with thirty dollars costs to appellants to abide the event.

DELEHANTY and FINCH, JJ., concur.

Final order reversed and new trial granted, with thirty dollars costs to appellants to abide event.