CENTRAL HANOVER BANK AND TRUST COMPANY and Others, as Trustees, under a Deed of Trust, Dated as of June 6, 1934, Landlords-Appellants, *v.* ELIAS RABINOWITZ and Others, Individually and as Copartners Doing Business under the Name and Style of R. M. R. and Described in a Certain Lease Dated February 1, 1932, as Copartners Doing Business under the Firm Name of R. M. R. HOSIERY COMPANY, Tenants-Respondents.

Supreme Court, Appellate Term, First Department, November 21, 1935.

*Burlingham, Veeder, Clark & Hupper* [*John L. Galey* and *George F. Tinker* of counsel], for the appellants.

*Jacob P. Shulman,* for the respondents.

CALLAHAN, J. This is a summary proceeding on the ground of holding over the term.

June 4, 1935, the parties appeared before a justice of the court below, and the tenants' counsel said he had filed the answer the day before and that under the Municipal Court Code he had a right to demand a jury within three days after joinder of issue. The landlords' counsel thereupon objected to a jury trial on the ground that the proceedings were governed by section 1428 of the Civil Practice Act, which requires that the demand for a jury trial in a summary proceeding be made on the return of the precept. ·

The justice ruled that the tenant had a right within three days after joinder of issue to demand a jury trial, and the landlords excepted to the ruling.

Thereafter, on June fourth, the matter came before another justice for trial in the central jury part.

At the opening of the trial the landlords' counsel moved that the cause be remitted to the court in the second district for trial without a jury on the ground that the demand for a jury was not made in conformity with section 1428 of the Civil Practice Act. The motion was denied over the landlords' exception.

The trial thereupon proceeded and resulted in a verdict for the tenants.

The summary statute (Civ. Prac. Act, § 1428) provides that the issues joined by the petition and answer must be tried by the judge or justice, unless either party at the time designated in such precept for showing cause shall demand a jury.

In this instance the return day of the precept was June third, and on that date, the time fixed in the precept for showing cause, the tenants filed their answer but made no demand for a jury trial.

By the terms of the statute, therefore, in the absence of any controlling provision to the contrary in the Municipal Court Code, the tenants waived a trial by jury.

I find no provision in the Municipal Court Code which warrants the practice followed in the court below.

Section 118 of the Code provides that either party at the time of pleading or within three days after joinder of issue may demand a trial by jury; that the demand may be made in writing and filed with the clerk, or orally and indorsed upon the summons; that in a special proceeding (a summary proceeding being a special proceeding) the demand may be made in open court on the return of the precept; that unless a demand is made and the jury fee paid as above provided a jury trial is waived, provided, however, that the court may in its discretion at any time before or during the trial direct a trial by jury.

Only in one instance — apparently overlooked by counsel for the parties — does the Municipal Court Code fix the time for demanding a jury in a " summary " proceeding, so called, and that is under the 1932 amendment (Chap. 534) embodied in section 28-a of that Code.

Prior to 1932, contrary to the existing practice in Municipal Court actions, all summary proceedings were returnable in open court; but by the amendment referred to summary proceedings for non-payment of rent were made returnable before the clerk, and in such cases, by subdivision 2 of the new section, " the tenant may at the time of filing an answer, demand a trial by jury. The landlord may demand a trial by jury any time before the date of trial. Unless a demand is made and the jury fee paid as provided in section one hundred seventy-three, a jury trial is waived."

The requirement under the Code that a jury trial be demanded by the tenant at the time of filing the answer is consistent with section 1428 of the Civil Practice Act, and no reason appears why a tenant holding over his term, and against whom a precept may be returnable on the day of its issue (Civ. Prac. Act, § 1419), should have any greater privilege than a tenant delinquent in the payment of rent.

The proceeding is a summary one, and to give a tenant claimed to be wrongfully holding over his term three days after filing his answer to make up his mind whether he wants a jury trial or not would in effect add three additional days to the time in which the precept is returnable and seriously impair, if not destroy, the character of the remedy.

Assuming, without deciding, that the court in a summary proceeding may under section 118 in its discretion direct a jury trial

after the return of the precept, the application below was not addressed to the discretion of the court, and no facts appear which would authorize the exercise of such discretion.

While it is unnecessary to pass upon the merits it may be advisable to refer to the issue litigated and the course of trial:

The lease was for the term of three years ending April, 1935, " with the privilege of two years' extension to May 1, 1937, at the same rent and conditions upon written notice by said tenants to the landlord on or before January 1, 1935, * * * upon the conditions and covenants following: * * *

" 26th. Any intention of renewing for a further term of two years shall be in writing delivered in person to the landlord or his agents at 59 Allen Street, in the borough of Manhattan, city of New York."

Prior to December, 1934, the landlord had died, and as a result neither the landlord nor his agents could be served with notice at the specified address. The tenants relied on a written notice of election to renew mailed to the landlords' agents at 366 Grand street on or about December 24, 1934. The landlords, whose title is derived from a deed of trust executed by the heirs of the original landlord, denied the receipt of the December notice. On or about January 17, 1935, written notice of election was given to the landlords' agents, which indicates the improbability of the giving of the alleged December notice, since no reference is made in the January letter to any prior notice.

The death of the original landlord made it impossible to give notice to him or his agents at 59 Allen street; and the landlords' counsel, at the close of the evidence, moved for the direction of a verdict on the ground that " if there was nobody at 59 Allen Street, and condition could not be performed, then how could the lease be renewed?"

It seems clear, however, that the impossibility of literal performance of the agreement would not defeat the right of the tenant to renew upon proper and timely notice. Personal notice of the exercise of the option could not have been given to the trustees or their agents at 59 Allen street, and it was not claimed on the trial that such personal notice should have been given at any other place.

In the circumstances it was not error for the trial judge to make the corrected charge, the landlords' counsel apparently acquiescing, that the only question for the jury was whether the letter of December twenty-fourth was mailed and received.

The final order should be reversed and a new trial ordered before the court without a jury in the second district, with thirty dollars costs to appellants to abide the event.

SHIENTAG, J., concurs; LYDON, J., dissents, with opinion.

LYDON, J. (dissenting). I agree that the final order must be reversed, but I dissent from so much of the determination about to be made as directs a new trial.

The ground assigned for reversal in the prevailing opinion is that a jury trial was erroneously ordered. I find it unnecessary to decide the question whether, on general principles, the erroneous direction of a jury trial in a court of law is prejudicial to the opposing party. The right to a jury trial is ordinarily considered a privilege and its denial, in a case where a party is entitled to it, is always prejudicial error. It does not follow that the converse is true. But however that may be, the granting of a jury trial in the case before us was not prejudicial to the landlords. It did not make the slightest difference how the case was tried because, on the undisputed facts, the landlords were entitled to a final order.

The case was submitted to the jury on an entirely erroneous theory. They were told that the only question in the case was whether the letter of December 24, 1934, expressing the tenants' election to renew the lease, had been mailed and received. But it was wholly immaterial what the jury might conclude on that point on the disputed testimony. The original landlord had protected himself against the danger of having to litigate such an issue. He had provided in the lease that the written election to renew must be delivered to himself or his agents in person. (*Beakes* v. *Da Cunha*, 126 N. Y. 293, 297.)

A verdict for the landlords should, therefore, have been directed, and even though the motion for such a direction may have been faulty and even though the exception to the charge may have been unavailing, there must be a reversal. (*Barden* v. *New York Central R. R. Co.*, 181 App. Div. 306; *Feneis* v. *Lewin*, 185 id. 41; *Garlinger* v. *Linwood Construction Co.*, 206 id. 107; *Devoy* v. *Irish World, etc., Inc.*, 208 id. 319.)

Since there is no claim that timely personal notice of election to renew the lease was ever given to the landlords or their agents, it is useless to order a new trial. A final order in favor of the landlords should be directed.

Final order reversed and a new trial ordered before the court without a jury in the second district, with thirty dollars costs to appellants to abide the event.